**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2009

Charles R. Fulbruge III
Clerk

No. 07-30658

MARGARET M. SHIMON, ETC.; ET AL.,

Plaintiffs,

v.

SEWERAGE & WATER BOARD OF NEW ORLEANS,

Defendant–Third-Party Plaintiff–Appellant,

v.

FIDELITY AND GUARANTY INSURANCE COMPANY; BROWN, CUNNINGHAM & GANNUCH INC.; CONTINENTAL CASUALTY COMPANY; SCHRENK & PETERSON CONSULTING ENGINEERS INC.; SECURITY INSURANCE COMPANY OF HARTFORD; JAMES CONSTRUCTION GROUP LLC, formerly known as Angelo Iafrate Construction LLC,

Third-Party Defendants–Appellees.

---

ANGELES P. BLALOCK; ET AL.,

Plaintiffs,

v.

SEWERAGE & WATER BOARD OF NEW ORLEANS,

Defendant–Third-Party Plaintiff–Appellant,

v.

JAMES CONSTRUCTION GROUP LLC, formerly known as Angelo Iafrate Construction LLC; BROWN, CUNNINGHAM & GANNUCH INC.; SCHRENK & PETERSON CONSULTING ENGINEERS INC.; FIDELITY AND GUARANTY INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; SECURITY INSURANCE COMPANY OF HARTFORD,

Third-Party Defendants–Appellees.

---

RUTH A. SMITH, ETC.; ET AL.,

Plaintiffs

v.

SEWERAGE & WATER BOARD OF NEW ORLEANS,

Defendant–Third-Party Plaintiff–Appellant,

v.

JAMES CONSTRUCTION GROUP LLC, formerly known as Angelo Iafrate Construction LLC; BROWN, CUNNINGHAM & GANNUCH INC.; SCHRENK & PETERSON CONSULTING ENGINEERS, INC.; FIDELITY AND GUARANTY INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; SECURITY INSURANCE COMPANY OF HARTFORD,

Defendants–Third-Party Defendants–Appellees.

---

MYRON W. SHEEN, DDS; ET AL.,

Plaintiffs,

v.

SEWERAGE & WATER BOARD OF NEW ORLEANS,

Defendant–Third-Party Plaintiff–Appellant,

v.

JAMES CONSTRUCTION GROUP LLC; BROWN, CUNNINGHAM AND GANNUCH INC.; SCHRENK & PETERSON CONSULTING ENGINEERS INC; FIDELITY AND GUARANTY INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; SECURITY INSURANCE COMPANY OF HARTFORD,

Third-Party Defendants–Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

The Sewerage & Water Board of New Orleans (SWB) appeals from the dismissal of its third-party claims on the basis of res judicata. We affirm.

## I

These cases arise from a flood-control construction project in New Orleans called the "Southeastern Louisiana Urban Flood Control Project, Napoleon Avenue Covered Canal" (SELA). Although the SELA project included construction in several parishes, the portion of SELA at issue here involved the installation of a box culvert beneath Napoleon and Claiborne Avenues in New Orleans. Appellees are engineering and construction firms involved in the SELA project and their insurers:

- Schrenck & Peterson Consulting Engineers, Inc. (S&P) was responsible for engineering design and some day-to-day monitoring of construction activities;

- Security Insurance Company of Hartford (Security) was S&P's professional liability insurer;

- James Construction Group (James) was the general contractor for this portion of the SELA project;

- BCG Engineering & Consulting, Inc. (BCG) provided program management services, including construction monitoring (i.e. photography, groundwater monitoring, and vibration monitoring), through subcontractors that are not parties to this appeal;

- Continental Casualty Company (Continental) is BCG's professional liability insurer;

- Fidelity & Guaranty Insurance Company (F&G) is BCG's general liability insurer.

Various land owners affected by the SELA project sued SWB for property damage under theories of inverse condemnation, negligence, absolute liability, and strict liability. According to SWB, there were sixty-two separate suits involving over 250 individual plaintiffs and one putative class action. Most or all of these suits were originally filed in Louisiana state court and, according to SWB, most or all of the suits named SWB as the sole defendant. In each case, SWB filed third-party claims for indemnity and contribution against various engineering and construction firms that performed the SELA work, including all of the appellees in the instant appeal. Three of the suits received a preferential trial date in state court under a Louisiana statute giving priority to plaintiffs over age seventy (the *Holzenthal* litigation). The Louisiana Civil District Court held a bench trial and granted judgment to the third-party defendants on the indemnification and contribution claims and to the plaintiff-property owners on their claims against SWB. The Louisiana Fourth Circuit Court of Appeal affirmed the trial court[1] and the Louisiana Supreme Court denied petitions for writs of certiorari.

Most or all of the remaining untried SELA suits were removed to federal court by third-party defendants. The district court selected four of the removed

---

[1] *Holzenthal v. Sewerage & Water Bd.*, 06-0796, 06-0797, 06-0798 (La. App. 4 Cir. 1/10/07); 950 So. 2d 55.

cases for "bellwether" trials: the claims of Shimon, et al.,[2] Blalock, et al.,[3] Smith, et al.,[4] and Sheen, et al.[5] Some third-party defendants in those cases—the six appellees in this case—moved for summary judgment on the third-party claims, arguing that SWB's claims for indemnification and contribution had already been decided in the *Holzenthal* litigation. Applying the Louisiana res judicata statute,[6] the district court granted summary judgment to the third-party defendants. The court denied SWB's motions for reconsideration and motion for certification for immediate appeal but did not immediately enter a final dismissal of the third-party defendants. After approximately a year of discovery and trial preparation, SWB moved the court to reconsider its dismissal. The court denied SWB's motion but certified its dismissal of the third-party defendants as a final order under Federal Rule of Civil Procedure 54(b). The court stayed all proceedings pending this appeal.

Subsequent to oral argument before this court, the Louisiana Fourth Circuit Court of Appeal, in a related case, determined that the *Holzenthal* litigation barred the claims against the Appellees.[7] Specifically, the court of appeal held:

> Even a cursory reading of *Holzenthal I* reveals that the causes of action were not limited to those specific plaintiffs, but to the project as a whole.

---

[2] USDC No. 05-1392.

[3] USDC No. 05-3729.

[4] USDC No. 05-5944.

[5] USDC No. 05-6660.

[6] L A. REV. STAT. § 13:4231.

[7] *Holzenthal v. Sewerage & Water Bd.*, 08-0493, 08-0494, 08-0495 (La. App. 4 Cir. 12/3/08); 999 So. 2d 1191, 1197.

All of the present plaintiffs' claims arose out of SELA, a project that was going to cause unavoidable damage to the properties in the vicinity. All of SWB's claims against the third-party defendants are for breach of contract, issues addressed in *Holzenthal I*. Thus, we agree that res judicata applies and that the trial court was correct in rendering its judgment.[8]

The Louisiana Supreme Court denied SWB's application for a writ of certiorari.[9]

## II

The Supreme Court has held that "under the Full Faith and Credit Act a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give."[10] "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken."[11] The Full Faith and Credit Act thus "[allows] the States to determine, subject to the requirements of the statute and the Due Process Clause, the preclusive effect of judgments in their own courts."[12]

Because the Louisiana Fourth Circuit Court of Appeal has held that the *Holzenthal* litigation bars SWB's claims due to res judicata and the Louisiana Supreme Court denied SWB's application for a writ of certiorari, we are bound by the Louisiana court of appeal decision and must affirm.

---

[8] *Id.*

[9] *Holzenthal v. Sewerage & Water Bd.*, 09-0006 (La. 3/6/09); 2009 WL 679605.

[10] *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986).

[11] *Id.* (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481-82 (1982)).

[12] *Id.* (alteration in original) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985)).

\* \* \*

AFFIRMED.