**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2009

Charles R. Fulbruge III
Clerk

No. 07-60110

EARL STEPHEN DEAN

Plaintiff-Appellant

v.

MISSISSIPPI BOARD OF BAR ADMISSIONS, ET. AL.

Defendants-Appellees

_____

07-60793

_____

E. STEPHEN DEAN

Plaintiff-Appellant

v.

JAMES R. MOZINGO, In his Official Capacity as Chairman

of the Mississippi Board of Bar Admissions

Defendant-Appellee

Appeals from the United States District Court

for the Southern District of Mississippi

USDC No. 2:06-CV-00046

USDC No. 3:06-CV-00068

Before GARZA and DENNIS, Circuit Judges, and MINALDI, District Judge.[*]

PER CURIAM:[**]

Plaintiff-Appellant E. Stephen Dean ("Dean") appeals the *sua sponte* dismissal of his Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983 action, Appeal No. 07-60110, against the Mississippi Board of Bar Admissions et. al. ("Board") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Dean also appeals the *sua sponte* dismissal of his action, Appeal No. 07-60793, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), that sought injunctive and declaratory relief on several constitutional grounds against James R. Mozingo in his official capacity as Chairman of the Board. Dean also appeals the award of summary judgment on several alternative grounds, including *Younger* abstention, *res judicata*, and collateral estoppel. This Court granted Dean's motion to consolidate cases 07-60110 and 07-60793 for this appeal.

Because we conclude that the lower courts failed to consider the application of the *Rooker-Feldman* doctrine in light of the explicit limitations expressed in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), we VACATE and REMAND. Furthermore, in No. 07-60793, because during the pendency of the appeal the Mississippi Supreme Court rendered a final decision

---

[*]District Judge of the Western District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the concurrent state litigation, the question of whether *Younger* abstention is appropriate is now MOOT. Lastly, in No. 07-60793, we VACATE the grant of summary judgment on *res judicata* and collateral estoppel and REMAND for further proceedings in light of *In re Dean*, 972 So.2d 590 (Miss. 2008).

## Factual and Procedural History

Dean filed an application for admission to the Mississippi Bar on March 28, 2002. The Board denied Dean's application in accordance with the recommendations of the Committee on Character and Fitness ("the Committee"). At Dean's request, he appeared before the Board for reconsideration on April 17, 2003. On January 22, 2004, the Committee recommended the Board deny Dean's application because Dean demonstrated "an inclination to be dishonest, an inclination to take unfair advantage of others, an inclination to fail to exercise self-control, and an inclination to be mentally or emotionally unstable to the extent that he was not suited to the practice of law."

The Committee conducted a second hearing on August 25, 2005, and the Board denied Dean's application for admission again on September 22, 2005. Dean timely appealed the Board's decision to the Chancery Court of Hinds County, Mississippi, on October 24, 2005. The Chancery Court affirmed the Board's decision on August 23, 2006, and Dean appealed to the Mississippi Supreme Court. The appeal to the Mississippi Supreme Court was pending at the time of both district court opinions, but an opinion was issued on January 17, 2008.

On February 8, 2006, while the appeal of the Board's decision was pending in the Chancery Court, Dean filed suit in the Southern District of Mississippi alleging violations of the ADA and 42 U.S.C. § 1983 against the Board and its

individual members.[1] Judge Louis Guirola, Jr. *sua sponte* dismissed the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Relying upon *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), for the proposition that "[f]ederal courts do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings," but that federal courts do have jurisdiction over "general challenges to state bar rules...which do not require review of a final state court judgment in a particular case," Judge Guirola concluded that because Dean's claims challenge an individual finding and not the Mississippi Bar admissions rules generally, the district court lacked jurisdiction over Dean's claim.

On May 17, 2006, Dean filed a second suit in the Southern District of Mississippi against Mozingo for prospective and injunctive relief from the operation of Mississippi attorney licensing rules.[2] Also relying upon *Feldman*, 460 U.S. at 486, the district court found that it lacked subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Finding that Dean's allegations, although couched in general terms, are "inextricably intertwined with the denial of his application to practice law," Judge Wingate also dismissed Dean's case *sua sponte* for lack of subject matter jurisdiction.

Judge Wingate also considered Mozingo's arguments for dismissal raised by his motion to dismiss and motion for summary judgment under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and pursuant to

---

[1] This case is Appeal No. 07-60110.

[2] This case is Appeal No. 07-60793.

claim and issue preclusion. Finding that "*Younger* and its progeny establish a strong policy against federal court interference with certain pending state proceedings absent extraordinary circumstances," the district court agreed with Mozingo that abstention, given the pending state proceedings, was appropriate. The district court, without analysis, also granted summary judgment on claim and issue preclusion.

On appeal, Dean challenges both district courts' rulings.

## Discussion

We review a dismissal for lack of subject matter jurisdiction *de novo*. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). We also review a grant of summary judgment *de novo*. *Citibank Texas, N.A. v. Progressive Cas. Ins. Co.*, 522 F.3d 591, 593 (5th Cir. 2008). A court should only award summary judgment when there is no issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The parties do not argue, and this court does not find, that there are issues of material fact.

A.) *Rooker-Feldman* Doctrine[3]

In *Feldman*, the Court held that lower federal courts have subject matter jurisdiction to review general challenges to the constitutionality of state bar admissions rules but lack jurisdiction to review a state court's final judgment in a bar admission matter. 460 U.S. at 482-86 (noting that assessing the validity of a rule promulgated in a non-judicial proceeding does not violate 28 U.S.C. §1257 because such review does not implicate the policies prohibiting the district court from reviewing final state court judicial decisions). Observing that the

---

[3] The holding of *Feldman*, combined with the holding of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), is known as "the *Rooker-Feldman* doctrine." *Exxon Mobil*, 544 U.S. at 283.

lower courts have often extended the *Rooker-Feldman* doctrine "far beyond" its contours, the Supreme Court explicitly limited the doctrine's application to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 283-84. The *Rooker-Feldman* doctrine thus operates to preserve the Supreme Court's jurisdiction pursuant to 28 U.S.C. § 1257 in cases that district courts would otherwise be able to adjudicate. *Id.* at 291. In so holding, the Court emphasized that the plaintiffs in both *Rooker* and *Feldman* filed suit in federal district court "after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* at 291-92.

Both district courts failed to consider the application of the *Rooker-Feldman* doctrine in light of the explicit limitations expressed in *Exxon Mobil*. Accordingly, we VACATE the district courts' findings on the Rooker-Feldman doctrine and REMAND for further analysis.

B.) *Younger* Abstention

In Appeal No. 07-60793, the district court granted summary judgment in favor of Mozingo on the basis of *Younger* abstention, due to Dean's ongoing state proceedings. Judge Wingate found that any federal relief would interfere with Dean's ongoing state court proceedings and thus held *Younger* abstention was appropriate. *Younger* requires an "ongoing state judicial proceeding." *See Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). Because the Mississippi Supreme Court rendered a final decision while this appeal was pending, there is no longer an "ongoing state judicial proceeding," and therefore

6

whether *Younger* abstention is appropriate is now MOOT.

### C.) *Res Judicata* and Collateral Estoppel

In Appeal No. 07-60793, the district court also granted summary judgment because "the defendant's arguments in support of claim and issue preclusion in this case are compelling." The district court provided no analysis for finding that Dean's suit was barred by either doctrine; accordingly, we VACATE and REMAND for further analysis. On remand, the district court should consider *res judicata* and collateral estoppel in light of *In re Dean*, 972 So.2d 590 (Miss. 2008).

### D.) Other Grounds for Dismissal

The parties also raise several arguments on appeal that invite a ruling on the merits. Because the district courts did not entertain the merits of Dean's lawsuits, and the district courts may find the suits are barred by *res judicata* or collateral estoppel, it is premature and inappropriate for us to consider the merits.

DENNIS, Circuit Judge, specially concurring.

The majority remands both cases to the district court so that the district court may re-do its *Rooker-Feldman* and *res judicata* analyses. I agree with the majority that both rulings from the district court as they now stand cannot be affirmed and that the *Younger* abstention issue is moot. I write specially only because it is our duty to consider the *Rooker-Feldman* and *res judicata* issues *de novo* without remanding it back to the district court. *See, e.g., Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 306 (5th Cir. 2008) (*Rooker-Feldman*); *United States v. Davenport,* 484 F.3d 321, 326 (5th Cir. 2007) (*res judicata*). We need not concern ourselves with how the district court rules in respect to subject matter jurisdiction and *res judicata* issues because the appellate court has to examine these issue with a clean slate once the case reaches the appellate level. *See, e.g., Goodman v. United States*, 518 F.2d 505, 509 (5th Cir. 1975). As a practical matter, the losing party below will likely appeal the district court's rulings after the remand. Since these cases will be remanded to two different district court judges, the two cases may result in conflicting decisions on remand. Both cases would then return here again and we will be in the same position as we are here today, *i.e.*, reviewing the decisions *de novo,* except we would have incurred several months of delay for the parties and added more work for our district courts. At least for the sake of judicial economy and expediency, I believe we should have proceeded to examine these issues.