# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2010

No. 10-60086
Summary Calendar

Lyle W. Cayce
Clerk

EARL STEPHEN DEAN,

Plaintiff - Appellant

v.

MISSISSIPPI BOARD OF BAR ADMISSIONS; JAMES R. MOZINGO, in his official capacity as Chairman of the Mississippi Board of Bar Admissions and in his individual capacity; LAWRENCE C. GUNN, JR.; CRAIG M. GENO; MILDRED JUANITA LESURE; PAUL M. LUCKETT; JENNY F. NICAUD; JEFFREY G. PIERCE; E. BARNEY ROBINSON, III; JEFFREY A. STYRES; PIETER TEEUWISSEN; CLYDE H. GUNN, III; H. HUNTER TWIFORD, III; JAY PAUL CARMEAN; KAREN K. SAWYER; MICHAEL C. BAREFIELD; KAY L. TRAPP; JOHN DOE,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:06-CV-46

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60086

This case arises out of the denial of plaintiff Earl Stephen Dean's ("Dean") application to be admitted to the Mississippi Bar.  Dean was denied entry to the bar, first in 2002, and upon reconsideration, in 2005. Defendants – the Mississippi Board of Bar Admissions, and its members – determined that Dean had failed to demonstrate the requisite character and fitness for admission, based, in part, on Dean's misrepresentation of his criminal history and a pattern of frivolous, retaliatory litigation. Dean first sued in Mississippi state court, where he raised both state and federal claims challenging the denial of his application for admission. The state courts have since reached a final judgment on the merits, resolving that case against Dean and in favor of the defendants. Dean also filed the instant suit in the federal district court, where he raised claims under the Americans with Disabilities Act and 42 U.S.C. § 1983, all of which relate to the denial of his application for admission.  On defendants' motion, the district court dismissed all of his claims as barred by *res judicata*. We affirm.

## I. BACKGROUND

We have described the facts of in our previous consideration of this case:

> Dean filed an application for admission to the Mississippi Bar on March 28, 2002. The Board denied Dean's application in accordance with the recommendations of the Committee on Character and Fitness ("the Committee"). At Dean's request, he appeared before the Board for reconsideration on April 17, 2003. On January 22, 2004, the Committee recommended the Board deny Dean's application because Dean demonstrated "an inclination to be dishonest, an inclination to take unfair advantage of others, an inclination to fail to exercise self-control, and an inclination to be mentally or emotionally unstable to the extent that he was not suited to the practice of law."
>
> The Committee conducted a second hearing on August 25, 2005, and the Board denied Dean's application for admission again on September 22, 2005. Dean timely appealed the Board's decision to the Chancery Court of Hinds County, Mississippi, on October 24,

No. 10-60086

2005. The Chancery Court affirmed the Board's decision on August 23, 2006, and Dean appealed to the Mississippi Supreme Court. The appeal to the Mississippi Supreme Court was pending at the time of both district court opinions, but an opinion was issued on January 17, 2008.

On February 8, 2006, while the appeal of the Board's decision was pending in the Chancery Court, Dean filed suit in the Southern District of Mississippi alleging violations of the ADA and 42 U.S.C. § 1983 against the Board and its individual members. Judge Louis Guirola, Jr. *sua sponte* dismissed the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Relying upon *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), for the proposition that "[f]ederal courts do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings," but that federal courts do have jurisdiction over "general challenges to state bar rules...which do not require review of a final state court judgment in a particular case," Judge Guirola concluded that because Dean's claims challenge an individual finding and not the Mississippi Bar admissions rules generally, the district court lacked jurisdiction over Dean's claim.

On May 17, 2006, Dean filed a second suit in the Southern District of Mississippi against Mozingo for prospective and injunctive relief from the operation of Mississippi attorney licensing rules. Also relying upon *Feldman*, 460 U.S. at 486, the district court found that it lacked subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." Finding that Dean's allegations, although couched in general terms, are "inextricably intertwined with the denial of his application to practice law," Judge Wingate also dismissed Dean's case *sua sponte* for lack of subject matter jurisdiction.

Judge Wingate also considered Mozingo's arguments for dismissal raised by his motion to dismiss and motion for summary judgment under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and pursuant to claim and issue preclusion. Finding that "*Younger* and its progeny establish a strong policy against

3

No. 10-60086

federal court interference with certain pending state proceedings absent extraordinary circumstances," the district court agreed with Mozingo that abstention, given the pending state proceedings, was appropriate. The district court . . . also granted summary judgment on claim and issue preclusion.

On appeal, Dean challenge[d] both district courts' rulings.

*Dean v. Miss. Bd. of Bar Admissions*, 326 F. App'x 760, 760-762 (5th Cir. 2009).

While the prior appeal was pending in this case, the Mississippi Supreme Court rendered a final decision in *In re Dean*, 972 So.2d 590 (Miss. 2008). Because the state proceedings were no longer pending, we held that the abstention issue was moot. *See Dean*, 326 F. App'x at 761. We further held that the *Rooker-Feldman* doctrine was inapplicable, because the doctrine applies only in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered *before* the district court proceedings commenced." *Id.* at 762 (internal citations omitted) (emphasis added). Finally, because the district court granted summary judgment to the defendants on their claim and issue preclusion arguments without providing analysis, we vacated the district court's judgment and remanded for further proceedings in light of the Mississippi Supreme Court's decision.

On remand, the district court again granted the Board's motion for dismissal (or, alternatively, summary judgment) based on *res judicata* and alternative grounds, noting that "[d]isposition of the federal action, once the state-court adjudication is complete, [is] governed by preclusion law."(citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (U.S. 2005)). Dean timely appealed.

## II.  STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings.  *See*

*Kan. Reinsurance Co. v. Mktg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). In ruling on a such a motion, "[t]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). This court "reviews the res judicata effect of a prior judgment de novo because it is a question of law." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

## III. DISCUSSION

The doctrine of *res judicata* serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, [prevent] inconsistent decisions, [and] encourage reliance on adjudication" by barring "further claims by parties or their privies based on the same cause of action." *Davenport*, 484 F.3d at 326 (internal citations omitted). The federal courts may not "employ their own rules of *res judicata* in determining the effect of state judgments. Rather, . . . a federal court [must] accept the rules chosen by the State from which the judgment is taken." *Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 199 (5th Cir. 2009) (internal citations omitted).

Mississippi *res judicata* doctrine provides that "when a court of competent jurisdiction enters a final judgment on the merits of an action, the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action." *Miss. Dep't of Human Serv. v. Shelby*, 802 So.2d 89, 95 (Miss. 2001). The doctrine applies only when there has been a final judgment on the merits, and the following identities are present between the earlier and current proceedings: "(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Harrison v. Chandler-Sampson Ins.,Inc.,* 891 So.2d 224, 232 (Miss. 2005).

No. 10-60086

First, the Mississippi Supreme Court rendered a final judgment on the merits of Dean's claims in *In re Dean*, 972 So.2d 590 (Miss. 2008). That case involved the Board's handling of Dean's application for admission to the Mississippi bar – the same subject matter that gave rise to Dean's ADA, civil rights, and equal protection claims in the case *sub judice*. This fulfills the first element.

Second, Mississippi law considers actions to be "the same if they arise from the same 'transaction'; whether they are products of the same 'transaction' is to be determined by giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Harrison*, 891 So. 2d at 234 (internal citations omitted). Dean argues that the Mississippi Supreme Court in *In re Dean* was limited to reviewing the Board's administrative decision under an "arbitrary, capricious or malicious" standard. Therefore, Dean reasons, the proceedings did not provide a forum in which to litigate his Federal law claims. This characterization of the Mississippi action is inaccurate. First, "bar admission is within the constitutional domain of [the Mississippi Supreme] Court. Thus, there is no separation of powers impediment to trial de novo." *Watkins v. Miss. Bd. of Bar Admissions,* 659 So.2d 561, 567 (Miss. 1995). Because the Mississippi courts have the authority to provide de novo trial in the "limited cases where allegations go beyond the merits of a[ bar] applicant's examination," Dean could have brought federal claims there. *Id.* In fact, Dean actually raised federal claims before the state court, which the court adjudicated on the merits, separately from its review of the Board's decision. *In re Dean,* 972 So.2d at 597-98. Specifically, the state court in that action heard Dean's claims under the First and Fourteenth Amendments to the U.S. Constitution. *Id.* at

6

598. Dean's contention that he did not have an adequate forum to litigate his federal claims is therefore without merit.

Because Dean's claims here result from the same transaction as in *In re Dean* – Dean's application to the Mississippi bar – the second element is met. The district court properly noted that "[a]lthough couched in terms of an ADA claim, a due process claim and an equal protection claim, at the heart of each is Dean's complaint that the Board determined that he was mentally and emotionally unstable, and in Dean's opinion, without being qualified to make such an assessment." Dean argued in *In re Dean* that the Board had unlawfully made a medical determination without a medical license in deciding that he was mentally or emotionally unfit to be an attorney. The Court found the Board "capable of evaluating an applicant's mental and emotional state, not for the purposes of medical diagnosis, but for the purpose of determining whether he or she is mentally and emotionally fit to practice law." *In re Dean*, 972 So.2d at 600. Dean's claims here contest the Board's *practice* of assessing his mental state in the absence of any medically guided assessment. All these claims draw on the same operative facts, resulting from Dean's application for admittance to the bar. Together, they form a convenient trial unit. The second element is therefore met.

Third, "[a] non-party defendant can assert *res judicata* so long as it is in 'privity' with a named defendant." *Harrison*, 891 So.2d at 236. In *In re Dean*, only the Board was a named defendant. Here, in contrast, the Board's members are named individually as defendants in addition to the Board. However, Dean's allegations only refer to actions taken by the individual defendants while functioning in their capacities as Board members. This establishes privity between the defendants and the Board. *See Schuster v. Martin*, 861 F.2d 1369 (5th Cir. 1988). The third element is therefore met.

No. 10-60086

Finally, because the actions of the Board and the actions of its members are the same for the purposes of this litigation, the fourth element – the identity of the quality or character of the defendants – is also met. *See EMC Mortg. Corp. v. Carmichael*, 17 So.3d 1087, 1091 (Miss. 2009).

## IV.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court in its entirety.

AFFIRMED.