**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

Lyle W. Cayce
Clerk

No. 10-40921
Summary Calendar

BRUCE EAVES,

Plaintiff-Appellant

v.

STATE OF TEXAS, State Officials; WILLIAM LEE, Polk County District
Attorney; DONALD K. HAMMACK, Polk County Sheriff; JOE D. ROTH,
Attorney at Law,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-20

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bruce Eaves appeals the dismissal of his complaint for failure to state a
claim pursuant to 28 U.S.C. § 1915A(b)(1). In his complaint, he sought damages
against the State of Texas, his court-appointed attorney, and an unknown
deputy sheriff for violations of his rights under 42 U.S.C. § 1983 and Title II of
the Americans with Disabilities Act (ADA). His claims arise out of the forfeiture

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of his real and personal property following his conviction in Texas state court of two counts of possession with intent to deliver controlled substances. He argues that the district court erred by dismissing his claims against his court-appointed attorney, by determining that he failed to state a claim under Title II of the ADA, by concluding that he was barred by res judicata from collaterally attacking the state court order of forfeiture, and by determining that his claims against the deputy were barred by the *Parratt/Hudson*[1] doctrine.

Section 1915A(b)(1) provides for dismissal of a prisoner's civil-rights complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." This court reviews de novo the decision to dismiss a complaint on this basis. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). In determining whether the dismissal was proper, this court accepts the plaintiff's allegations as true. *Id.*

Eaves's court-appointed attorney is not a state actor and, as such, is not subject to suit under § 1983. *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). To the extent that Eaves argues that his attorney should be liable under § 1983 based on the fact that he conspired with state actors, Eaves has failed to establish the existence of a conspiracy by reference to specific factual allegations tending to show such an agreement. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).

Eaves has likewise not shown that the district court erred by dismissing his claims against his attorney under Title II of the ADA. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" includes

---

[1] *Hudson v. Palmer*, 468 U.S. 517, 534 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986).

"any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B). Eaves's attorney is not a public entity, and is therefore not subject to suit under Title II of the ADA. *See id.*

The facts alleged by Eaves do not support the conclusion that he was denied the benefits of services, programs, or activities of a public entity. *See Lightborn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997). Moreover, the district court correctly concluded that Eaves's collateral attack of the forfeiture judgment was precluded. *See Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195, 198 (5th Cir. 2009); *Resolution Trust Corp. v. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992).

Finally, Eaves complains that a deputy knowingly prevented him from removing personal property from his home in violation of the trial court's forfeiture order. Eaves's allegations, which this court must accept as true, even if they are doubtful in fact, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), set forth a substantive due process claim based on his Fourth Amendment property interest that is not barred by *Parratt/Hudson*. *See Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 290-91 (5th Cir. 2002); *see also Soldal v. Cook County, Ill.*, 506 U.S. 56, 62-63 (1992); *Augustine v. Doe*, 740 F.2d 322, 326-28 (5th Cir. 1984). Eaves's complaint does not, therefore, fail to allege any facts that would entitle him to relief, nor does it lack an arguable basis in law or fact, as to this issue. *See Green*, 623 F.3d at 280. Accordingly, we vacate the district court's dismissal of Eaves's complaint against the deputy for failure to state a claim and remand for further proceedings.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.