# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2012

No. 11-60650
Summary Calendar

Lyle W. Cayce
Clerk

E. STEPHEN DEAN,

Plaintiff - Appellant

v.

PIETER TEEUWISSEN, in His Official Capacity, as Chairman of the
Mississippi Board of Bar Admissions,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-68

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

For the third time, we address the merits of this appeal. Earl Stephen Dean appeals the district court's dismissal of his claims against the Mississippi Board of Bar Admissions. The district court held that Dean is not entitled to relief under 42 U.S.C. § 1983, because his claims are barred by the doctrines of res judicata and collateral estoppel. Because the district court committed no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60650

reversible error, we AFFIRM the judgment of the district court, based on its well-reasoned opinion.

I.

Because we have already recounted the facts and much of the procedural history of this case in detail, *see Dean v. Miss. Bd. of Bar Admissions* (*Dean I*), 326 F. App'x 760, 762-63 (5th Cir. 2009), we do not repeat them in full here.

In summary of the pertinent facts, in 2002, Dean's application for admission to the Mississippi Bar was denied by the Mississippi Board of Bar Admissions (the Board) because he demonstrated "an inclination to be dishonest, an inclination to take unfair advantage of others, an inclination to fail to exercise self-control, and an inclination to be mentally or emotionally unstable to the extent that he was not suited to the practice of law." Over the course of several years, Dean – to no avail – exhausted all of his appeals before the Board.

Thus, in October 2005, Dean appealed the Board's decision to the Hinds County Chancery Court, urging the court to reverse the Board's decision and allow him to sit for the Mississippi Bar exam. Dean argued that the Board had violated his First Amendment right to freedom of speech as well as his Fourteenth Amendment right to due process. In its affirmance of the Board's decision, the chancery court considered Dean's constitutional arguments and held that the Board had committed no constitutional violations. In September 2006, Dean appealed to the Mississippi Supreme Court, raising the same constitutional arguments. The Supreme Court rejected Dean's appeal, holding that the Board had not violated Dean's constitutional rights.

At the same time he was appealing the Board's refusal to let him sit for the bar exam in Mississippi state courts, Dean filed two lawsuits in federal district courts against the chairperson of the Board.[1] The first federal lawsuit,

---

[1] The original chairperson of the Board named as a defendant in this lawsuit was James R. Mozingo. Mozingo has since been replaced – both as a defendant and as chairperson

No. 11-60650

filed on February 8, 2006, claimed damages under 42 U.S.C. § 1983 and alleged violations of the Americans with Disabilities Act (ADA). The second lawsuit, the subject of the instant appeal, was filed on May 17, 2006, and sought prospective and injunctive relief against the Board on the grounds that Dean should be protected from future First Amendment violations by the Board.  This suit was also brought under 42 U.S.C. § 1983.  The district court dismissed both of Dean's lawsuits on the grounds of the *Rooker-Feldman* doctrine.[2]  In a consolidated appeal in *Dean I*, this court reversed and remanded both cases to the United States District Court for the Southern District of Mississippi, holding that the district court did not properly apply the *Rooker-Feldman* doctrine nor did the court properly consider the doctrines of collateral estoppel or *res judicata. See Dean I*, 326 F. App'x at 762-63.

First, the district court reheard Dean's case asserting his ADA and his § 1983 claims for damages and dismissed his complaint on grounds of *res judicata.* Thereafter, in *Dean II*, we affirmed.  *Dean v. Miss. Bd. of Bar Admissions* (*Dean II*), 394 F. App'x 172 (5th Cir. 2010).

After our affirmance of the dismissal of Dean's ADA and § 1983 damages claims on the grounds of *res judicata*, the district court turned to the case *sub judice*,  addressing Dean's § 1983 claims for prospective, injunctive relief.  The district court, relying heavily upon our opinion in *Dean II*, held that, in the light of the Mississippi Supreme Court's decision in *In re Dean*, 972 So. 2d 590 (Miss. 2008), Dean's current federal lawsuit was barred by the doctrines of collateral estoppel and *res judicata.*  Thus, the district court dismissed Dean's complaint

---

of the Board – by Pieter Teeuwissen.

[2] The *Rooker-Feldman* doctrine establishes that federal courts have subject matter jurisdiction to review general challenges to the constitutionality of state bar admissions rules but lack jurisdiction to review a state court's final judgment in a bar admission matter. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

No. 11-60650

under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, granted summary judgment in favor of the Board.

Once again, Dean appeals, arguing that the district court erred by holding that his claims were precluded by the doctrines of collateral estoppel and *res judicata.*

## II.

Dean's primary argument on appeal – which is the same argument he raised in *Dean II* – is that the district court erred by applying the *res judicata* doctrine to foreclose this lawsuit.

For essentially the same reasons we decided Dean's lawsuit was precluded in *Dean II*, we find that Dean's present appeal has no merit. After reviewing the Mississippi Supreme Court's opinion in *In re Dean*, we hold that all of the elements of *res judicata* have been met here. *See Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005). Moreover, we hold that both the chancery court and the Mississippi Supreme Court considered *de novo* Dean's arguments that his First and Fourteenth Amendment rights had been violated, the same arguments which give rise to his present federal suit for injunctive relief. *See Dean II*, 394 F. App'x at 176 (*citing In re Dean*, 972 So.2d at 597-98). Because Dean is precluded from bringing the present action, the district court did not err by dismissing his complaint under Rule 12(b)(6).[3]

## III.

We hold that the district court did not err by dismissing this suit under Federal Rule of Civil Procedure 12(b)(6). Essentially for the reasons given by the district court in its well-considered opinion, the judgment is

AFFIRMED.

---

[3] Because *res judicata* precludes Dean from bringing this lawsuit, there is no reason for us to address whether collateral estoppel also precludes this suit.