# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2023

Lyle W. Cayce
Clerk

No. 22-20278

Kristin Guardino,

*Plaintiff—Appellant*,

*versus*

Jim Hart; Sean H. McCarthy; John Eddie Williams, Jr.; Williams Kherkher Hart & Boundas L.L.P.; WKHB L.L.C.; Williams Kherkher L.L.C.; Williams BHE L.L.C.; Williams HBE L.L.C.; Williams Hart Boundas Easterby L.L.P.,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3721

_____

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Kristin Guardino filed suit in federal court alleging violations of the Racketeer Influenced and Corruption Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*., and causes of action for fraud, breach of fiduciary

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

duty and conflict of interest, breach of implied contract for bailment, conversion, theft, and vicarious liability. The district court dismissed Guardino's common law claims, holding they were barred by res judicata and the doctrine of attorney immunity, and dismissed her RICO claims as insufficiently pleaded.

Finding no error, we AFFIRM.

## I. Factual and Procedural Background

In 2002, Guardino, then an attorney in Texas, represented a minor plaintiff, Megan Madison, and her mother, Saskia Madison,[1] in a personal injury suit against Warren Reid Williamson. Guardino obtained a default judgment in her clients' favor in 2005 and continued representing the Madisons in post-judgment collection proceedings. At some point, Guardino changed her fee arrangement with the Madisons to a contingency agreement. In 2007, Guardino entered into a co-counsel agreement with Williams, Kherkher, Hart, and Boundas, L.L.P. ("WKHB"), wherein the law firm agreed to provide a $20,000 loan to Guardino and cover litigation costs and expenses in exchange for 50% of Guardino's contingency fees in the Madison matter. The post-judgment collection proceedings would continue until 2017, but in 2009 the State Bar of Texas temporarily suspended Guardino's license to practice law. While Guardino was ineligible to practice law, WKHB represented the management trust established on Megan Madison's behalf to pursue her claims in the collection proceedings. When Guardino's suspension ended, the trustee informed Guardino that it would continue to be represented by WKHB and no longer use Guardino's services. Guardino's law license was suspended again in 2011, and she was later disbarred.

_____

[1] We use the pseudonyms assigned to the plaintiffs in the original personal injury case.

No. 22-20278

In 2011, Guardino filed a petition against WKHB, the trustee, and several other defendants in Texas probate court. The case was transferred to the 215th District Court of Harris County. Relevant here, Guardino asserted claims of breach of fiduciary duty and conflict of interest, fraud, vicarious liability, and breach of contract against WKHB arising out of WKHB's conduct in representing the trustee in the Madison collection proceedings. Her petition also alleged that WKHB breached the co-counsel agreement by requiring Guardino to pay expenses up front and to seek reimbursement from WKHB, and by failing to adequately represent Megan Madison in the collection proceedings after Guardino's law license was suspended. It also alleged that WKHB breached contractual and fiduciary duties it owed Guardino by virtue of her "contractual lien" on the Madison judgment, committed fraud, and created a conflict of interest, all by making certain litigation decisions in the collection proceedings after Guardino was no longer involved in the matter.

WKHB and the other defendants moved for summary judgment, which the trial court granted without specifying grounds. Guardino appealed to the Texas Fourteenth Court of Appeals, which affirmed summary judgment for the defendants. The court held that Guardino failed to submit any evidence of a breach of contract, that there is no stand-alone vicarious liability claim under Texas law, and that any fraud or breach of fiduciary duty claims arising out of WKHB's in-court conduct in the course of representing the trustee is shielded by judicial proceedings privilege. Additionally, Guardino abandoned any professional malpractice or conflict of interest claim by failing to address it before the court of appeals.

More than seven years later, Guardino filed her federal complaint in the instant case. The complaint names as defendants WKHB, its member attorneys, and various corporate entities that are alleged to be its predecessors or successors in interest. It asserts three counts of violations of

RICO, as well as causes of action for fraud, breach of fiduciary duty and conflict of interest, breach of contract for bailment, conversion, theft, and vicarious liability. Guardino's complaint alleges substantially the same set of facts as alleged in her prior state court petition, appearing in many cases to have copied the allegations from the latter verbatim. Like her state-court petition, Guardino's complaint alleges that WKHB breached the co-counsel agreement by requiring Guardino to pay expenses up front and to seek reimbursement, and by failing to adequately represent Megan Madison in the collection proceedings. And like her state court petition, her complaint also alleges that WKHB's in-court advocacy and litigation decisions constituted fraud, as well as a conflict of interest and breach of fiduciary duty owed to Guardino. Her complaint also asserts several new claims. Without specifying which factual allegations are supporting, the complaint asserts claims for violation of an implied contract of bailment, conversion, and theft. It also asserts that the defendants, along with several "unnamed co-conspirators," [2] formed an association-in-fact enterprise, whose affairs the defendants conducted through a pattern of racketeering activity, namely by entering into "Extortion Agreements," committing theft, fraud, and witness tampering, in violation of 18 U.S.C. §§ 1962(b), (c), and (d).

The district court dismissed Guardino's complaint, taking judicial notice of the filings from Guardino's Texas state court proceedings. The court held that Guardino's common law claims arising from facts that occurred prior to the state court judgment were barred by res judicata, that her common law claims arising from facts that occurred after that judgment were barred by the doctrine of attorney immunity, and that she failed to

---

[2] The complaint alleges that two other groups, the "Of Counsel Participants" and the "Judicial Participants" also were part of this enterprise, but it does not identify or describe who these participants are.

sufficiently plead the existence of a RICO enterprise separate from the alleged pattern of racketeering activity. Guardino appealed.

## II. Standard of Review

We review a district court's dismissal under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff. *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 783 (5th Cir. 2020). To meet this standard, a plaintiff "must allege 'enough facts to state a claim that is plausible on its face.'" *Id.* at 784 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, allegations of fraud must meet Rule 9(b)'s heightened pleading standard, which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

## III. Discussion

### A. Res Judicata

Generally, res judicata cannot be raised in a motion to dismiss; it must be pleaded as an affirmative defense. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005) (citing 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1357 (3d ed.)). However, we have permitted dismissal under Rule 12(b)(6) on the basis of res judicata "when the elements of res judicata are apparent on the face of the pleadings." *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 571 (5th Cir. 2021) (citing *Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 364 (5th Cir. 2014) (per curiam) (unpublished)); *see also* Wright & Miller, Fed. Prac. & Proc. § 1357). We may also "consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336

F.3d 375, 379 (5th Cir.2003); *see also Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) (per curiam) (unpublished).

"A federal court, asked to give res judicata effect to a state court judgment, must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Hernandez v. City of Lafayette*, 699 F.2d 734, 736 (5th Cir. 1983). Under Texas law, a prior judgment has claim preclusive effect if there is: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Guardino concedes that there was a prior final judgment rendered by a court of competent jurisdiction. She contests only whether there is identity or privity between the parties to her state court action and this one and whether the two cases involve the same claims or causes of action.

Some of the parties—Guardino and WKHB—in the two lawsuits are identical. As to the remaining parties, there is privity under Texas law. Parties "can be in privity in at least three ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Amstadt*, 919 S.W.2d at 653. Furthermore, "[w]hen the allegation is that the parties were in a vicarious relationship, as it is here, a judgment for the principal bars a later suit against the agent." *Soto v. Phillips*, 836 S.W.2d 266, 270 (Tex. App.-San Antonio 1992, writ denied). Guardino's state petition named WKHB as a defendant and alleged vicarious liability based on the actions of the firm's "owners, officers, directors, managers, employees, agents or assigns." Her federal complaint names as defendants WKHB, the firm's predecessors and successors in interest, and three of its attorneys. It also alleges that all

defendants are vicariously liable for the acts of their "employees, agents or assigns" described in the complaint. Guardino's complaint, therefore, only names as defendants parties that are the same as, are successors in interest to, or are vicariously liable to WKHB, the defendant in her state court action. Her complaint thus alleges privity between the defendants and a defendant in her prior state action.

The claims in the two cases—at least those arising out of facts alleged to have occurred before the adjudication of the state court action—are the same. Texas employs a transactional test to determine this element of res judicata. *Barr v. Resol. Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992). This test precludes claims arising out of the same factual transaction or series of connected transactions, thus barring claims that "were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The allegations in Guardino's complaint about the defendants' conduct during the Madison collection proceedings are substantially identical to, and in some cases verbatim copies of, her allegations of the same in her state court petition. For instance, both her complaint and petition allege that Guardino entered into a co-counsel agreement with WKHB wherein the latter would provide a loan of $20,000 and cover costs and expenses in exchange for 50% of Guardino's contingency fees. Both allege that WKHB breached this agreement by requiring Guardino to pay court costs first and seek reimbursement from WKHB, and also by failing to (in her view) adequately represent Megan Madison. And both allege the same "continuum of acts" committed by WKHB after Guardino was removed from the litigation in derogation of her "contractual lien" on the Madison judgment yet to be collected.

The claims in Guardino's complaint of breach of contract, fraud, breach of fiduciary duty, and "vicarious liability" premised on these allegations are, for the purposes of res judicata, the same claims that

Guardino asserted in her state action because they arise out of the same transaction. Guardino's new claims of theft, conversion, and breach of implied contract for bailment—to the extent they depend on these already-litigated allegations—are also barred by res judicata because they could have been brought in Guardino's original state action.

In sum, the district court did not err in determining that there was privity between the parties in the two lawsuits and that the common law claims based on facts that were or could have been litigated in her state court action are the same. Res judicata bars Guardino's claims for breach of contract, fraud, breach of fiduciary duty, "vicarious liability," theft, conversion, and breach of implied contract for bailment arising out of facts alleged in the complaint to have occurred before 2012.

## B. Attorney Immunity

Guardino's complaint also alleges that in 2016 Williamson, the judgment debtor in the Madison matter, died. Guardino filed a claim for her legal fees with the Williamson Estate, which the administrator rejected. WKHB then filed a claim on behalf of Megan Madison in probate court which, according to Guardino's complaint, was denied because WKHB used Megan Madison's real name instead of the pseudonym assigned to her in the litigation. According to Guardino, this mistake caused the "loss to Megan Madison of her entire remaining claim and the entirety of [Guardino's] lien." Her complaint alleges that WKHB took no steps to correct this error, such as filing a claim against the Williamson Estate or otherwise seeking to enforce Megan Madison's claim. These "acts and omissions constituted the misappropriation of [Guardino's] fee."

No. 22-20278

The district court held that any legal claims[3] arising out of these allegations of WKHB's mistakes in litigation strategy were barred by the doctrine of attorney immunity. In Texas, "an attorney is immune from liability to nonclients for conduct within the scope of his representation of his clients." *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018). Guardino has not alleged that she was a client of WKHB. As a nonclient, any harm that Guardino may have suffered through WKHB's "acts or omissions" in the course of representing Megan Madison in the Williamson probate matter is not actionable by operation of attorney immunity. The district court did not err in dismissing Guardino's claims on this basis.

## C. Failure to State a Claim Under RICO

Finally, the district court dismissed Guardino's RICO claims, to the extent they were not barred by res judicata and attorney immunity, for failure to state a claim. Noting that Guardino's complaint is "mainly comprised of statutory text and conclusory statements," the district court concluded that

---

[3] It is unclear from the complaint and Guardino's briefing what claims she believes these allegations give rise to. The complaint states that the defendants "converted her property to their own use" when they "took further action to prevent her from being paid for her services completely," suggesting she may be premising her conversion claim on these allegations. The complaint also states that the defendants "represented the interests of Megan Madison" and, by operation of Guardino's "lien" on Madison's judgment, also the interests of "Kristin Wilkinson Guardino" in the probate case against the Williamson Estate. In doing, Guardino asserts, WKHB created both a conflict of interest and "an implied in fact contract," suggesting she may be asserting breach of contract claims and a professional malpractice claim based on these facts. Finally, the complaint states that in "representing Megan Madison" in the probate proceedings, the defendants "completely ignored" Guardino's "contractual lien" and breached their fiduciary duties, suggesting she may be asserting another breach of fiduciary duty claim based on these allegations. We cannot ascertain, however, whether Guardino is premising her theft, fraud, or violation of bailment claims on these facts.

9

the complaint failed to allege the existence of an enterprise separate from the pattern of racketeering. We see no error in this determination.

18 U.S.C. § 1962(b) and (c) prohibit any person from gaining an interest in or conducting the affairs of an enterprise through a pattern of racketeering activity. While the RICO statute defines "enterprise" broadly to include a "group of individuals associated in fact although not a legal entity," 18 U.S.C. § 1961(4), an association-in-fact enterprise must have an existence "that can be defined apart from the commission of the predicate acts." *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir. 1987); *see also Ocean Energy II, Inc. v. Alexander & Alexander, Inc.*, 868 F.2d 740, 748 (5th Cir. 1989) ("[A]s we have noted on several occasions, '[a]n enterprise must be 'an entity separate and apart from the pattern of activity in which it engages.'").

Here, Guardino attempts to allege the existence of an association-in-fact enterprise, "The John Eddie Williams Jr. Enterprise," comprised of the defendants as well as several other unnamed groups of individuals. She alleged the enterprise "was created and used as a tool to effectuate Defendants' pattern of racketeering activity." No other purpose, feature, or function of the enterprise is alleged. Rather, the enterprise is alleged to be a "group of 'persons' associated together for the common purpose of" inducing others into entering "Extortion Agreements" and then through fraud, threats, and extortion, converting the non-enterprise parties' property to the benefit of the enterprise. These allegations fail to state the existence of an enterprise that is "an entity separate and apart from the pattern of [racketeering] activity in which it engages," and as such, fails to state a claim under RICO. *United States v. Turkette*, 452 U.S. 576, 583 (1981). The district court did not err in dismissing Guardino's RICO claims.

No. 22-20278

## IV. Conclusion

For the foregoing reasons, Guardino's claims are barred by res judicata, attorney immunity, and are insufficiently pleaded. The judgment of the district court is AFFIRMED.