United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-50636
_____

BRANDI LYNN HARDEMAN

Plaintiff-Appellant,

v.

KERR COUNTY TEXAS, MOSES MARRERO,
In His Individual Capacity,

Defendants-Appellees.

Appeal from the United States District Court for the
Western District of Texas, San Antonio Division
(04-CV-584)

Before HIGGINBOTHAM, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This case arises from jail guard Moses Marrero's alleged rape
of Plaintiff-Appellant Brandi Lynn Hardeman while she was an inmate
at Kerr County Jail. Hardeman appeals the district court's grant
of summary judgment in favor of Kerr County. At issue is whether
or not Kerr County was deliberately indifferent in its hiring and
supervision of Marrero. We affirm.

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In early 2002, Moses Marrero applied for employment as a jailer in Kerr County, Texas.  His application reflected that he had previously worked as a police officer in the Harlandale Independent School District ("Harlandale ISD") from April 1992 until March 1994, and as a juvenile detention officer with the Bexar County Juvenile Detention Center ("Bexar JDC").  Marrero did not answer the application's question as to whether he had ever been fired, and did not sign the application certifying the statements as true and correct.

Kerr County subsequently performed an applicant background investigation on Marrero.  Bexar JDC described Marrero as honest, dependable and reliable.  When asked if he was eligible for re-hire, Bexar JDC referred Kerr County to its human resources department, but there is no evidence that Kerr County continued the inquiry.  There is also no evidence that Kerr County contacted Harlandale ISD.  A record from the Texas Employment Commission, however, indicates that Harlandale ISD fired him for making "improper advances towards high school (female) students."  Kerr County hired Marrero, effective March 11, 2002.

Not long after being hired, Marrero committed the first of what would be several infractions over the short span of his employment with Kerr County.  On April 19, 2002, a jail administrator counseled Marrero about "putting his hands on inmates," and being "too friendly" with female inmates.  Ten days

2

later, Marrero admitted to calling a female ex-inmate to establish a sexual relationship. Kerr County suspended him two days without pay. At that time, Marrero was also counseled for taking female inmates out of the recreation yard and putting them back in their cells without a female officer present. On May 21, Marrero called a female inmate a "lazy ass bitch." On July 8, Marrero called some of the inmates "bitches," among other names. He admitted his actions, but added his own comment to the supervisor's report, asserting that "I will not let any inmate punk me out." Kerr County suspended Marrero another two days without pay and warned him that "termination may result" in the future.

Hardeman alleges that Marrero entered her cell on July 26, 2002, forced her to perform oral sex on him, and took her into the shower area where he forcibly raped her. After initially denying any improper conduct, Marrero later admitted that he had "consensual" sex with Hardeman.

Kerr County immediately suspended Marrero pending further investigation, then terminated him on August 1, 2002. Marrero subsequently pled guilty to the offense of Violation of Civil Rights of a Person in Custody; Improper Sexual Activity, and is now serving a five-year probated sentence. On July 1, 2004, Hardeman filed this lawsuit in the district court, alleging that Kerr County violated her rights under 42 U.S.C. § 1983 when Marrero attacked her. Following discovery, Kerr County moved for, and the district court granted summary judgment. Hardeman appeals.

## II.   DISCUSSION

This Court reviews a grant of summary judgment *de novo*, using the same criteria as the district court. *Hanks v. Transcon. Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate if the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A court's role at the summary judgment stage is not to weigh the evidence or determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Kerr County acknowledges that Marrero had sexual relations with Hardeman during her incarceration and that he was convicted for that offense. The County, however, maintains that it is not liable for Marrero's actions. In order to hold a municipality liable under 42 U.S.C. § 1983 for its employee's acts, a Plaintiff must show that a policy of hiring or supervising caused those acts. It is not enough for a § 1983 Plaintiff to merely identify conduct properly attributable to the municipality, but rather, the Plaintiff must demonstrate that "the municipality, through its deliberate conduct, was the 'moving force' behind the injury alleged." *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997). Hardeman argues that liability arises from both the hiring and the supervision of Marrero. We consider

4

each potential basis in turn.

**A.   Kerr County is not liable based on hiring Marrero.**

The Supreme Court has established two fundamental requirements for holding a city liable under § 1983 for inadequate hiring policies.  First, the municipal policy must have been adopted with "deliberate indifference" to its known or obvious consequences. *Snyder v. Repagnier*, 142 F.3d 791, 795 (5th Cir. 1998).  Second, the municipality must be the "moving force" behind the constitutional violation. *Id.*  For Kerr County to be liable based upon hiring Marrero, we must find that adequate scrutiny of his background would have led a reasonable supervisor to conclude that the plainly obvious consequence of hiring him would have been the alleged rape of a female inmate. *See Gros v. City of Grand Prairie*, 209 F.3d 431, 433–34 (5th Cir. 2000) (quotations omitted)("[D]eliberate indifference exists where adequate scrutiny of an applicant's background would lead a reasonable supervisor to conclude that the plainly obvious consequences of the decision to hire would be the deprivation of a third party's constitutional rights.").  Even a showing of heightened negligence in hiring will not give rise to a constitutional violation. *Id.* at 434 ("[D]eliberate indifference to the known or obvious consequences of a hiring decision can amount to a constitutional violation on the part of the decision maker, but a showing of simple or even heightened negligence will not suffice.").

> There must be a strong connection between the background of the particular applicant and the specific violation alleged. Accordingly, plaintiffs cannot succeed in defeating summary judgment merely because there was a probability that a poorly-screened officer would violate their protected rights; instead, they must show that the hired officer was highly likely to inflict the particular type of injury suffered by them.

*Id.*

It is obvious that Kerr County should have done a better job screening Marrero. His omission of answers to key questions, such as whether he had previously been fired, alone should have been cause for alarm. Furthermore, had the County contacted Harlandale ISD it likely would have learned that the district fired Marrero for making improper advances towards female students. Such information may have prompted the County to rethink hiring him for a position that would place him in close proximity to female inmates on a regular basis. Even if the County was negligent in hiring him, however, that still is not sufficient to hold the County liable for the constitutional violation. *Id.* at 433 (stating that "a showing of simple or even heightened negligence will not suffice").

There are no grounds to find that the alleged rape in question was a "plainly obvious consequence" of hiring him. *Id.* Even if the County had done a thorough job of investigating Marrero, there was absolutely no history of violence, sexual or otherwise, to be found. While the grounds for his discharge from

6

Harlandale ISD were troubling, especially in retrospect, it requires an enormous leap to connect "improper advances" towards female students to the sexual assault at issue here.  *Id.* ("There must be a strong connection between the background of the particular applicant and the specific violation alleged."). Because Hardeman cannot establish that Marrero was highly likely to commit rape, there is no genuine issue of material fact, and summary judgment was proper as to the hiring of Marrero.

**B.    Kerr County is not liable based on its supervision of Marrero.**

The rape was a "discrete, episodic act . . . committed with deliberate indifference" to the Plaintiff's rights.  *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997) (en banc).  In order for the County to be liable, however, the Plaintiff must put forth facts "sufficient to demonstrate that the [rape] resulted from a municipal custom, rule, or policy adopted or maintained with *objective* deliberate indifference to the detainee's constitutional rights."  *Id*. (citations omitted).  As with hiring decisions, this is a hefty burden for the Plaintiff to meet.

There is no real question that Kerr County maintained any official rules or policies, including training, with deliberate indifference to detainees' constitutional rights.  It assuredly did not.  To the contrary, Kerr County set in place a variety of regulations to assure the protection of detainees' rights.  New

7

guards receive a copy of the policy manual and undergo an informal training program. The County's policy prohibits any person from engaging in any form of sexual misconduct with an inmate, even if consensual on the part of the inmate. Staff members are required to report any violations to the jail administrator or sheriff. The jail's policies dictate that a male guard conducting "checks" on a female inmate is required to summon a female officer. If a female officer is not available, the male guard must notify the control room so that monitoring can take place. Actions and regulations such as these, as we indicated in *Scott*, "indicate[] not apathy, but concern." 114 F.3d at 55.

Marrero's supervisors warned him not to touch the inmates, told him that he could not pursue relationships with past or present inmates, and counseled him about the jail's rules on multiple occasions. Within a short time, he nevertheless violated what he knew were the rules and policies of the jail and raped Hardeman. As unfortunate as that turn of events was, Kerr County is not liable. At most, it could be argued that the County was negligent in not firing Marrero after his earlier violation of the jail rules. Mere negligence, however, is not a basis to impose liability on the County in this situation. *See Gros,* 209 F.3d at 433. We find that the County did not display deliberate indifference in supervising Marrero, and is not

8

liable.

III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.