# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 13, 2022

Lyle W. Cayce
Clerk

No. 20-40398

T ONY P ARKER,

*Plaintiff—Appellee*,

*versus*

W ILLIS B LACKWELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:18-CV-225

Before D ENNIS, H IGGINSON, and C OSTA, *Circuit Judges*.
J AMES L. D ENNIS, *Circuit Judge*:

This interlocutory appeal arises from the denial of qualified immunity at the motion-to-dismiss stage. Tony Parker, a detainee at the Shelby County Jail, filed this § 1983 action alleging that Korey McClure, a jailer at the Shelby County Jail, sexually assaulted him and other detainees, and that Sheriff Willis Blackwell violated Parker's Fourteenth Amendment right to procedural and substantive due process by (1) rehiring McClure after he was previously fired from the Shelby County Jail for abusing detainees and (2) failing to properly supervise and train McClure. Sheriff Blackwell appeals

the district court's denial of his motion to dismiss based on qualified immunity. We AFFIRM IN PART, REVERSE IN PART, and REMAND for further proceedings consistent with this opinion.

I.

Because this is an appeal from a Rule 12(b)(6) motion to dismiss, we present the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *See Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017). Plaintiff Tony Parker was a pretrial detainee in the Shelby County Jail during the summer of 2017. At that time, Willis Blackwell was the sheriff for Shelby County, Texas, and Korey McClure was employed as a jailer at the Shelby County Jail.

Parker was sexually assaulted multiple times by McClure. McClure summoned Parker into a room at the Shelby County Jail and "approached [] Parker, grabbed [his] genitals, and asked [him] to engage in further sexual acts." On a different day, McClure asked Parker to bring a cup of water into McClure's office and, once Parker entered the office, grabbed Parker's genitals. "On a number of other occasions," McClure "would grab Plaintiff Parker in a tight embrace and ask that Plaintiff Parker perform sexual acts with Defendant[.]" McClure showed Parker sexually explicit pictures while Parker was in McClure's office, and, after doing so, "approached where Plaintiff Parker was seated and stood extremely close to Plaintiff Parker so that Defendant McClure's genitals were aligned with Plaintiff Parker's face. Defendant McClure then grabbed the back of Plaintiff Parker's head and pressured Plaintiff Parker's head toward his genitals," which Parker "successfully resisted." McClure told Parker that "Parker would need to accept [] McClure's sexual advances if Plaintiff Parker wanted his case to go well. [McClure] also demanded money in exchange for influencing the outcome of Plaintiff Parker's case." McClure was arrested on charges

No. 20-40398

related to sexual assault against Parker and other Shelby County Jail detainees.

Based on these events, Parker filed this § 1983 action against Shelby County and Sheriff Blackwell in his individual capacity. The amended complaint alleges that the defendants[1] violated Parker's Fourteenth Amendment right to procedural and substantive due process by rehiring and failing to supervise and train McClure properly. Specifically, Parker alleged the following:

> 25. In particular, on information and belief, Plaintiff Parker was only one of several inmates who were abused by Defendant McClure while in the Shelby County jail. Defendant McClure's sexual abuse of inmates was so pervasive that Defendant Shelby County and Defendant Blackwell's failure to take actions to prevent the sexual abuse of Plaintiff Parker and other inmates amounts to deliberate indifference.
>
> 26. Also, on information and belief, Defendants Shelby County and Sheriff Blackwell hired Defendant McClure despite Defendant McClure having a known history of abuse towards inmates under his care. Specifically, shortly before being rehired by Shelby County and Sheriff Blackwell, Defendant McClure was fired by Shelby County for abusing one or more inmates of the Shelby County Jail. Such prior abuse in the Shelby County jail created the obvious risk that he would violate the rights of jail inmates including by sexual assault if rehired as a jailer by Shelby County and yet Shelby County and Sheriff Blackwell took no action to address this risk. Shelby County and Blackwell were aware of Defendant McClure's history of abusing inmates of the Shelby County jail when they rehired Defendant McClure.

---

[1] The district court granted Shelby County's motion to dismiss; the only remaining defendant on appeal is Sheriff Blackwell.

No. 20-40398

27. Defendants Shelby County and Sheriff Blackwell breached their duty to provide Defendant McClure with adequate supervision in light of his propensity to violate the rights of prisoners. The grossly inadequate supervision resulted from and was caused by Defendants Shelby County and Sheriff Blackwell's conscious disregard of and deliberate indifference to Plaintiff Parker's right to be free from inmate abuse.

. . .

37. Defendants Shelby County and Sheriff Blackwell are also liable because Defendants Shelby County and Sheriff Blackwell's deliberate indifference to Defendant McClure's abuse of inmates; insufficient supervision; [*sic*] as more fully described above, are a proximate cause of Plaintiff Parker's damages.

Sheriff Blackwell filed a motion to dismiss Parker's amended complaint, arguing, *inter alia*, that Parker failed to adequately plead a plausible claim upon which relief could be granted and that Blackwell is entitled to qualified immunity.  After the district court's referral of the motion, the magistrate judge, in his report and recommendation, recommended denying Blackwell's motion to dismiss.  Blackwell filed written objections to the magistrate judge's report and recommendation, and Parker filed a response.

On May 27, 2020, the district court entered an order overruling Blackwell's objections and accepting the magistrate judge's report and recommendation.  The district court held that at this stage in the litigation, "where the plaintiff has not had access to McClure's employment file, the plaintiff has pled sufficient facts to state a claim that Sheriff Blackwell was negligent in rehiring McClure after he had been previously fired for violating the constitutional rights of prisoners at the Shelby County Jail," and that

No. 20-40398

Parker had also alleged sufficient facts from which the district court could infer a lack of supervision and that Sheriff Blackwell was liable for that failure to supervise. The district court found that Parker's "allegations, if true, establish constitutional violations, and the constitutional rights were clearly established at the time of the alleged violations," and that Blackwell was therefore "not entitled to qualified immunity at this stage of the litigation." Finally, the district court found that Parker's pleadings were sufficient to state a claim for punitive damages. Blackwell timely appealed.

## II.

On appeal, Blackwell argues that the district court erred by denying his motion to dismiss based on qualified immunity, with respect to both Parker's claim of deliberate indifference in hiring and his claim of deliberate indifference in supervision and training.

We have appellate jurisdiction over this interlocutory appeal "only to the extent that [the denial of qualified immunity] turns on an issue of law." *Burnside v. Kaelin*, 773 F.3d 624, 626 n.1 (5th Cir. 2014) (quoting *Juarez v. Aguilar*, 666 F.3d 325, 331 (5th Cir. 2011)). We have no jurisdiction over arguments unrelated to the denial of qualified immunity or over factual disputes. *Id.*

When considering the denial of a Rule 12(b)(6) motion, the pertinent inquiry is whether the plaintiff has alleged facts that raise a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Put differently, a Rule 12(b)(6) motion should be denied if the facts in the complaint, when taken as true, "raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

5

III.

Sheriff Blackwell asserts that he is entitled to qualified immunity. A plaintiff seeking to defeat qualified immunity must show that (1) the official violated a statutory or constitutional right and (2) the right was clearly established at the time of the conduct. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc); *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010) ("Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available."). Showing that a right is clearly established "is difficult," and this showing is made only when "it is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020) (internal quotation marks and citation omitted). Additionally, the right in question must be specifically described, and the Supreme Court has, on numerous occasions, directed courts "not to define clearly established law at a high level of generality." *Id.* (internal quotation marks and citation omitted); *see also City of Escondido, Cal., v. Emmons*, 139 S. Ct. 500, 503 (2019) (reiterating specificity principle).

One need not find a case squarely on point to show that a right was clearly established. *Cunningham*, 983 F.3d at 191. Nonetheless, precedent must provide that the existence of the right is not debatable. *Id.* The central inquiry "is whether the violative nature of the *particular* conduct is clearly established," and this question must be considered under the specific circumstances of the case, and "not as a broad general proposition." *Id.* (internal quotation marks and citations omitted).

The Fourteenth Amendment is the source of the substantive law that dictates whether Sheriff Blackwell is entitled to qualified immunity. "The Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees."

No. 20-40398

*Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019) (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc)).

## A.

"In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009) (alterations in original) (internal quotation marks omitted) (quoting *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 254 (5th Cir. 2005)). "'[D]eliberate indifference' to the 'known or obvious consequences' of a hiring decision can amount to a constitutional violation on the part of the decision maker[.]" *Gros v. City of Grand Prairie*, 209 F.3d 431, 433 (5th Cir. 2000) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)).

Parker contends that Blackwell was deliberately indifferent to obvious safety risks when he rehired McClure despite "McClure having a known history of abuse toward inmates under his care." Specifically, Parker alleges that "shortly before being rehired by Shelby County and Sheriff Blackwell, Defendant McClure was fired by Shelby County for abusing one or more inmates of the Shelby County Jail," and that "[s]uch prior abuse in the Shelby County [J]ail created the obvious risk that he would violate the rights of jail inmates including by sexual assault if rehired as a jailer . . . and Sheriff Blackwell took no action to address this risk."

When a plaintiff alleges that a supervisor inadequately considered an applicant's background, "'deliberate indifference' exists where adequate scrutiny . . . would lead a reasonable supervisor to conclude that the plainly obvious consequences of the decision to hire would be the deprivation of a third party's constitutional rights." *Gros*, 209 F.3d at 433–34; *see also Brown*,

520 U.S. at 411. Accordingly, a plaintiff must show that there was "a strong connection between the background of the particular applicant and the specific violation alleged" such that "the hired officer was highly likely to inflict the particular type of injury suffered[.]" *Gros*, 209 F.3d at 434. "A showing of simple or even heightened negligence will not suffice." *Brown*, 520 U.S. at 407.

In *Brown*, the Supreme Court held that a county sheriff was not deliberately indifferent in hiring a police officer who had a criminal record. *Id*. at 415–16. After the officer used excessive force during an arrest, the arrestee brought a § 1983 claim alleging that the sheriff had failed to conduct an adequate review of the officer's background when hiring him. *Id*. at 399–401. The officer had previously pleaded guilty to several misdemeanors—assault and battery, resisting arrest, and public drunkenness—arising from a fight during college. *Id*. at 413. The Court concluded that the officer's use of excessive force was not "a plainly obvious consequence of the hiring decision." *Id*. at 415. The link between the officer's criminal record and his use of excessive force was too tenuous to show that the sheriff had disregarded a known or obvious risk of injury. *Id*. at 412–14.

This Court has reached similar conclusions in cases involving allegations of sexual assault. *See Gros*, 209 F.3d at 436; *see also Hardeman v. Kerr County*, 244 F. App'x 593, 596 (5th Cir. 2007) (per curiam). In *Gros*, this Court held that there was not a "strong causal connection" between an officer's background and the plaintiffs' allegations that the officer sexually, physically, and verbally abused them during routine traffic stops. 209 F.3d at 436. The officer "had never sexually assaulted, sexually harassed, falsely arrested, improperly searched or seized, or used excessive force against any third party." *Id*. at 435. Qualified immunity applied because there was no showing that the officer was likely to perpetrate the particular type of abuse suffered by the plaintiff. *Id*. at 434–46.

In *Hardeman*, an inmate alleged that a jailer "forced her to perform oral sex on him, and took her into the shower area where he forcibly raped her." 244 F. App'x at 595. When the county hired the jailer several months earlier, a record indicated that he had previously been fired by a school district for making "improper advances towards high school (female) students." *Id.* at 594–95. This court noted that "[e]ven if the County had done a thorough job of investigating" the jailer's background, it would have required "an enormous leap to connect 'improper advances' towards female students to the sexual assault[.]" *Id.* at 596. Consequently, there were "no grounds to find that the alleged rape in question was a 'plainly obvious consequence' of hiring him." *Id.*

This court's precedents thus point to a specificity principle that guides the qualified immunity analysis: one's rights can be infringed when an official is deliberately indifferent to a specific risk of harm posed by a hiring decision, such as a risk of sexual assault. *Gros*, 209 F.3d at 434–36; *Rivera v. Bonner*, 952 F.3d 560, 565–67 (5th Cir. 2017); *Hardeman*, 244 F. App'x at 596.

Here, the alleged connection between McClure's prior termination from the Shelby County Jail for abusing detainees and the alleged abuse of Parker and other detainees in the Shelby County Jail is sufficient to state a claim for deliberate indifference in rehiring McClure.[2] Adequate scrutiny of McClure's background—that he was fired by Shelby County for abusing one

---

[2] Blackwell argues that the district court misstated the legal standard when overruling Blackwell's objections to the magistrate judge's report and recommendation. The district court did misstate the proper legal standard in holding that Parker met the elements of deliberate in difference in hiring because "Sheriff Blackwell was negligent in rehiring McClure after he had been previously fired for violating the constitutional rights of prisoners at the Shelby County Jail." However, because this court's review is *de novo*, the district court's error does not prevent us from affirming its judgment on other grounds.

or more inmates of the Shelby County Jail—would lead a reasonable supervisor to conclude that the plainly obvious consequences of the decision to rehire him would be that he would abuse inmates again. *See Gros*, 209 F.3d at 433-34, citing *Snyder v. Trepagnier*, 142 F.3d 791, 797 (5th Cir. 1998), *cert. granted*, 525 U.S. 1098 and *cert. dismissed*, 526 U.S. 1083 (1999).  Indeed, his termination for abusing detainees at the Shelby County Jail and subsequent rehiring at that very same jail is the quintessential "strong connection between the background of the particular applicant and the specific violation alleged."  *Gros*, 209 F.3d at 434, citing *Brown*, 520 U.S. at 412.  At this stage, it is enough that Parker has plausibly alleged a violation of clearly established rights.  At summary judgment, he will have to produce evidence to support those allegations.[3] The district court's ruling as to this claim is therefore AFFIRMED.

### B.

Parker also alleges that Blackwell inadequately trained and supervised McClure, which constituted deliberate indifference and resulted in the alleged sexual assaults.  Parker specifically alleges that Blackwell breached his duty to provide "McClure with adequate supervision in light of his propensity to violate the rights of prisoners. The grossly inadequate supervision resulted from and was caused by . . . Sheriff Blackwell's conscious disregard of and deliberate indifference to Plaintiff Parker's right

---

[3] We note that the cases Blackwell relies on that dismissed deliberate-indifference-in-hiring claims did so at summary judgment.  *See, e.g., Gros*, 209 F.3d at 433; *Rivera*, 952 F.3d at 563; *Hardeman*, 244 F. App'x at 595.  He does not cite a single case dismissing such a claim at the Rule 12 stage, where a plaintiff's burden is to simply allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

to be free from inmate abuse" and that Blackwell's grossly inadequate supervision "is a producing and proximate cause" of Parker's injuries.

A failure to supervise or train claim arises when the plaintiff shows that (1) the defendant failed to supervise or train the alleged bad actor, (2) there is a causal connection between the infringement of the plaintiff's constitutional rights and the lack of supervision or training, and (3) the failure to supervise or train exhibited deliberate indifference to the plaintiff's constitutional rights. *Peña v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018). The infringement of the plaintiff's constitutional rights must be an "obvious" and "highly predictable" consequence of the failure to train. *Culbertson v. Lykos*, 790 F.3d 608, 625 (5th Cir. 2015) (internal quotation marks and citation omitted). Additionally, relief will not typically be available absent a showing of a pattern of constitutional violations, as opposed to a single incident. *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002).

Here, Parker's allegations fall short. Parker's allegations are generic at best, providing no specific facts that rise above the speculative level. Parker merely alleges that Blackwell's supervision was "grossly inadequate," that Blackwell "breached [his] duty to provide Defendant McClure with adequate supervision," and that such a failure was a "producing and proximate cause of . . . Parker's injuries." Parker does not allege any facts regarding the lack of a training program, nor are there allegations that the alleged abusive conduct occurred with such frequency that Blackwell was put on notice that training or supervision was needed. Rather, Parker merely provides a formulaic recitation of the elements of a failure to train and supervise claim. We therefore REVERSE and REMAND for dismissal of this claim.

No. 20-40398

IV.

Sheriff Blackwell also argues that Parker's punitive damages claim should be dismissed. Whether Sheriff Blackwell is liable for punitive damages is not part of the qualified immunity analysis, and this court does not have jurisdiction to consider this question in this interlocutory appeal. *See Burnside v. Kaelin*, 773 F.3d 624, 626 n.1 (5th Cir. 2014); *Cunningham v. Castloo*, 983 F.3d 185, 190 (5th Cir. 2020).

V.

Finally, Federal Rule of Appellate Procedure 10(a) states that the following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk. Fed. R. App. P. 10(a). This court, therefore, does not consider items that were not considered by the district court.

Blackwell filed a Motion to Strike Appellee's Reference to Extra-Record Materials, because Parker referenced two internet news stories related to McClure's arrests for sexual assault of detainees at the Shelby County Jail in his response brief that were not part of, or referenced by, his amended complaint. Blackwell's Motion to Strike is therefore GRANTED.

VI.

Based on the foregoing, we AFFIRM IN PART and REVERSE IN PART, and REMAND the case for further proceedings consistent with this opinion.