IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20570

_____

ALEJANDRO CANO-MIRANDA,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. Attorney General; RICHARD CRAVENER, Immigration and Naturalization Service Director; IMMIGRATION AND NATURALIZATION SERVICE,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

August 17, 2001

Before HIGGINBOTHAM and BENAVIDES, Circuit Judges, and DUPLANTIER,[*] District Judge.

PER CURIAM:

Alejandro Cano-Miranda appeals an order of the district court dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In light of the Supreme Court's recent decision in *INS v. St. Cyr*,[1] we VACATE the judgment of the district court and REMAND for further proceedings.

_____

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

[1] 121 S.Ct. 2271 (2001).

Cano-Miranda, a Mexican citizen who became a lawful permanent resident of the United States in 1992, was convicted in 1993 of possessing cocaine. On January 30, 1997, the INS served Cano-Miranda with an Order to Show Cause. The OSC stated that Cano-Miranda was deportable due to his controlled substances conviction. The OSC claimed that Cano-Miranda was "in deportation proceedings," that the OSC would be filed with an immigration judge, and that Cano-Miranda would receive a hearing.

On September 8, 1998, the INS filed a Notice to Appear with the Immigration Court. The Notice claimed that Cano-Miranda was deportable due to his controlled substances conviction. The Notice was also served on Cano-Miranda. His hearing was scheduled for October 7, 1999, but Cano-Miranda did not attend, and the Immigration Judge found him removable *in absentia* and ordered him removed to Mexico.

On November 8, 1999, Cano-Miranda moved to reopen the removal proceedings. The IJ denied that motion on November 15. Cano-Miranda also appealed to the Board of Immigration Appeals, and that appeal was still pending at the time this case was briefed.

On November 19, 1999, Cano-Miranda filed for a writ of habeas corpus, claiming that he had been denied due process because the Notice to Appear did not inform him of the consequence of not appearing, nor of his eligibility to seek relief from removal. The

Government moved to dismiss on the grounds that the IIRIRA did not permit judicial review of removal orders by means of the writ of habeas corpus. On November 30, 2000, the district court agreed and dismissed Cano-Miranda's habeas application. This appeal followed.

## II

The primary issue raised by this appeal is whether Cano-Miranda may seek relief through the writ of habeas corpus. When this case was argued, under Fifth Circuit law the IIRIRA's transitional rules permitted judicial review of deportation orders via the writ of habeas corpus, while the permanent rules did not.[2] Thus, the question appeared to be whether Cano-Miranda's deportation proceedings fell under the temporary or the permanent rules.

In *INS v. St. Cyr*,[3] however, the Supreme Court held that the permanent rules of the IIRIRA do not divest federal courts of habeas jurisdiction.[4] Moreover, the relevant Fifth Circuit case, *Max-George v. Reno*,[5] has been vacated by the Supreme Court and remanded for further proceedings in light of *St. Cyr*.[6]

---

[2] *See Max-George v. Reno*, 205 F.3d 194, 197 n.3, 198 (5th Cir. 2000), *vacated by Max-George v. Ashcroft*, 121 S. Ct. 2585 (2001).

[3] 121 S.Ct. 2271 (2001).

[4] *Id.* at 2287 ("Accordingly, we conclude that habeas jurisdiction under § 2241 was not repealed by AEDPA and IIRIRA.").

[5] 205 F.3d 194 (5th Cir. 2000).

[6] *See Max-George v. Ashcroft*, 121 S. Ct. 2585 (2001).

Accordingly, following *St. Cyr*, we hold that the district court erred in dismissing Cano-Miranda's appeal for want of habeas jurisdiction. Cano-Miranda's argument that the IIRIRA is an unconstitutional suspension of the writ of habeas corpus becomes immaterial in light of *St. Cyr.*

### III

The government argues that Cano-Miranda failed to exhaust his administrative remedies because his appeal was still pending before the BIA. Cano-Miranda replies that he cannot appeal to the BIA from an *in absentia* removal order, so he need not exhaust an appeal before the BIA in this case. What Cano-Miranda can do is file a motion to reopen with the IJ and, if that motion is denied, appeal the denial to the BIA. Cano-Miranda did file a motion to reopen with the IJ, which the IJ denied. Cano-Miranda has filed an appeal of that denial, which remains pending before the BIA. The issue of Cano-Miranda's exhaustion of his administrative remedies is, however, appropriate for the district court to decide in the first instance.

The judgment of the district court is therefore VACATED. We REMAND to the district court for further proceedings, including a determination of whether Cano-Miranda has properly exhausted his administrative remedies.