IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-50305
Summary Calendar

---

JUAN ALONSO MANCHA-CHAIREZ,

Petitioner-Appellant,

versus

LUIS GARCIA, District Director, Immigration and Naturalization
Service

Respondent-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas
(EP-00-CV-242-H)

---

November 14, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Juan Alonso Mancha-Chairez appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. In light of the Supreme Court's decision in *INS v. St. Cyr*,[1] we vacate the district court's order and remand for further proceedings.

I

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 121 S.Ct. 2271 (2001).

Mancha-Chairez is a citizen of Mexico. He was admitted into the United States in 1975 as a lawful permanent resident. In 1988 he pled *nolo contendere* in Texas state court of unlawful possession of marijuana, a third-degree felony, and received deferred adjudication. In March, 1997, Mancha-Chairez pled guilty to one count of possession of marijuana in violation of 21 U.S.C. § 844(a) in the United States District Court for the District of New Mexico. He was sentenced to six months of home confinement and six months probation.

Following the federal drug conviction, the INS issued a Notice to Appear on May 25, 1998 charging Mancha-Chairez as removable from the United States under 8 U.S.C. § 1182(a)(2)(A)(i)(II) for having been convicted of a controlled substance violation. Mancha-Chairez conceded that he was removable but sought Cancellation of Removal under 8 U.S.C. § 1229b. The INS argued that the federal marijuana conviction was an "aggravated felony" which rendered Mancha-Chairez ineligible for Cancellation of Removal. The immigration judge granted Mancha-Chairez's request for Cancellation of Removal. On appeal, the Board of Immigration Appeals reversed, ruling that the federal marijuana conviction was an "aggravated felony." The BIA's decision rested, in part, on the fact that the federal drug conviction was punishable by up to two years imprisonment if the defendant had a prior state drug conviction.[2]

---

[2] The BIA also determined that Mancha-Chairez's prior adjudication in Texas qualified as a prior state conviction for this purpose.

Mancha-Chairez appealed the decision of the BIA to this Court, and we determined that we lacked jurisdiction to hear the appeal because federal law prohibited judicial review of the BIA's decision.[3]

On August 17, 2000, Mancha-Chairez filed a petition for a writ of habeas corpus in district court. He argued that the BIA's decision was constitutionally infirm under the Equal Protection component of the Fifth Amendment because it created an irrational distinction between those with prior state convictions for simple possession of marijuana and those with prior federal convictions for the same offense. The district court concluded that: (1) it lacked statutory jurisdiction to hear Mancha-Chairez's habeas petition, owing to 8 U.S.C. 1252(a)(2)(B)(i) and our decision in *Max-George v. Reno*;[4] and (2) that Mancha-Chairez's claims were not protected by the Suspension Clause.

II

---

[3] *Mancha-Chairez v. Reno*, 227 F.3d 766 (5th Cir. 2000) (unpublished) (per curiam). *See* 8 U.S.C. § 1252(a), which provides:

> (2) Matters not subject to judicial review ...
>     (B) Denials of discretionary relief
>     Notwithstanding any other provision of law, no court
>     shall have jurisdiction to review--
>         (i) any judgment regarding the granting of relief under
>         section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this
>         title ...

[4] 204 F.3d 194 (5th Cir. 2000), *vacated, Max-George v. Ashcroft*, 121 S.Ct 2285 (2001).

3

We review a district court's determination that it lacked jurisdiction *de novo*.[5]  The Supreme Court, in *St. Cyr*, held that the district courts maintain jurisdiction under 28 U.S.C. § 2241 over habeas petitions in removal cases, even when the removal order is not subject to direct judicial review under 8 U.S.C. § 1252(a).[6]  Thus the district court's dismissal, though proper under our case law at the time it was issued, was erroneous under *St. Cyr*.

However, the INS now takes the position that: (1) Mancha-Chairez's constitutional claim is being raised for the first time in his habeas petition and (2) it could have been raised on direct review with this Court.  As a result, the INS claims, the district court is still without jurisdiction over the habeas petition and we should affirm.  The district court, however, found only that "Mancha's equal protection claim, based on allegations that his classification as an aggravated felon was arbitrary and irrational, does not fall within the scope of the writ protected by the Suspension Clause."  In following *Max-George*, the district court did not reach the question of whether jurisdiction under § 2241 was proper despite the fact that Mancha-Chairez's claim was being

---

[5] *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

[6] *St. Cyr*, 121 S.Ct at 2287.

4

raised for the first time on habeas review.  This issue should be considered first by the district court.[7]

Accordingly, the judgment of the district court is VACATED and we REMAND for further proceedings.

---

[7] *See Cano-Miranda v. Ashcroft*, 262 F.3d 477, 479 (5th Cir. 2001) (vacating, in light of *St. Cyr*, a district court's dismissal of habeas petition for lack of jurisdiction and remanding to district court for consideration of whether petitioner failed to exhaust his administrative remedies).