United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50596
Summary Calendar

_____


ISAAC RAMIREZ-MOLINA,

Petitioner-Appellee,

versus

JAMES ZIGLAR; ET AL.,

Respondents

GRACE WINFREY, Interim Field Office Director for Detention and
Removal, Bureau of Immigration and Customs Enforcement,
Department of Homeland Security,

Respondent-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-344-JN
--------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

The respondent (Government) appeals the district court's grant

of relief under 28 U.S.C. § 2241 to Isaac Ramirez-Molina (Ramirez).

Our review of the record and the pleadings indicates that there are

issues concerning the exhaustion of administrative remedies that

should be addressed by the district court in the first instance.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

See Cano-Miranda v. Ashcroft, 262 F.3d 477, 479 (5th Cir. 2001). The Immigration Judge (IJ) issued a stay in a 2002 proceeding on a motion to reopen Ramirez's 1999 removal proceeding, but it is unclear whether further action remains to be taken at the administrative level. The district court should also address whether Ramirez has sufficiently exhausted his administrative remedies concerning the 1999 removal proceeding.

Accordingly, the case is REMANDED to the district court for the limited purpose of addressing the exhaustion issue with respect to both the 1999 removal proceedings and the 2002 motion to reopen. Following the district court's determination, the case should be returned to this court. This court retains jurisdiction of the appeal during the pendency of the limited remand. See Wheeler v. City of Columbus, 686 F.2d 1144, 1154 (5th Cir. 1982).

LIMITED REMAND.