NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0589n.06
Filed: September 30, 2008

No. 07-3969

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SANDRA L. BERGER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MEDINA COUNTY OHIO BOARD OF | ) | NORTHERN DISTRICT OF OHIO |
| COUNTY COMMISSIONERS; JOHN T. | ) | |
| SHULTZ, | ) | |
| | ) | |
| Defendants-Appellees, | ) | |

Before: MARTIN, ROGERS, and SUTTON, Circuit Judges

**ROGERS, Circuit Judge.** Plaintiff appeals the district court's dismissal of her Title VII

employment discrimination action. Because the claim was presented to the EEOC more than 180

days after it accrued, and the pleadings and briefing below presented no basis for applying a longer,

300-day limitations period, there is no basis for reversing the district court's determination that the

claim was untimely.

Sandra L. Berger brought an employment discrimination action against the Medina County

Ohio Board of County Commissioners and against John Shultz. She alleged that significant sexual

harassment occurred while she was employed by the county and supervised by Shultz. Berger

worked for the Medina County Animal Shelter from some time in 1996 to September 27, 2004. Her

complaint alleged various incidents of sexual harassment and Title VII violations. In addition to her federal claim, she brought two state law claims under the court's supplemental jurisdiction.

Berger pled that she first filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on June 15, 2005. This date, about nine months after her employment with defendants ended, is less than 300 days but more than 180 days after the last alleged instance of harassment. Berger specifically pled that she did not file a charge of sex discrimination with the Ohio Civil Rights Commission ("OCRC"). Further, Berger's complaint made no mention of any worksharing agreement between the EEOC and the OCRC.

Defendants moved for dismissal for failure to state a claim upon which relief may be granted on the grounds that controlling law requires a plaintiff, as a prerequisite to filing suit in federal court, to file a complaint with the EEOC within 180 days of the last episode of discrimination. Berger argued in opposition that the longer 300-day statute of limitations, which applies when plaintiffs first file with the appropriate state agency in a "deferral" state, should apply even if the plaintiff did not file with the state agency. Her brief in opposition to the motion to dismiss did allude briefly, without full explanation, to a worksharing agreement between the EEOC and the OCRC. However, neither Berger's complaint nor her brief based the timeliness of her complaint on arrangements between the EEOC and the OCRC, and she did not move to amend her complaint in any relevant fashion.

The district court found Berger's arguments unconvincing, and granted defendants' motion to dismiss. The court found that Berger's complaint, as pled, did not allege facts sufficient to allow

her to qualify for the 300-day statute of limitations instead of the 180-day period. The court therefore dismissed the federal claim with prejudice, and dismissed the remaining state claims without prejudice. Berger appeals the dismissal.[1]

There was no basis in the record before the district court, on defendant's Rule 12 (b)(6) motion, to do anything but dismiss the case as untimely. A Title VII complainant must notify the EEOC of her charge within 180 days of the alleged wrongdoing, or 300 days only if the plaintiff notifies a parallel state agency of her charge.

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier . . . .

42 U.S.C. § 2000e-5(e)(1).

---

[1] Twenty-nine days after entry of the district court judgment, she also filed a "motion for reconsideration" in the district court. While this appeal was pending, the district court ruled on the motion. As the motion was filed more than 10 days after the entry of judgment, the district court treated it as a Rule 60 motion seeking relief from judgment. The court noted that Berger's motion was based on new legal arguments and newly filed documents. The court held that Fed. R. Civ. P. 60 required the denial of such a post-judgment motion, as it was based on new arguments and evidence and no exceptional circumstance applied. The denial of the motion for relief is not before this court.

To be sure, Berger did not have to say anything in her complaint about meeting Title VII's filing deadline. *Cf. Foss v. Bear, Stearns & Co.*, 394 F.3d 540, 542 (7th Cir. 2005) ("[T]he period of limitations is an affirmative defense that a complaint need not address. Unless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development."). But when the defendants moved to dismiss, arguing that the 180-day deadline applied, Berger had to respond and explain why her concession in her complaint that she had not filed a charge with the OCRC did not doom her claim. On the record before it, the district court had only Berger's claim that she had filed with the EEOC, but not with the OCRC. Therefore, the 180-day limitations period applied, and her EEOC filing was untimely. Berger failed to present to the district court any reason why the 180-day period should not apply to her, and on that record the district court properly dismissed the case.

Berger relies on various cases to support an argument that the filings were timely under a worksharing agreement between the OCRC and the EEOC. Further, she seeks to supplement her complaint through judicial notice of the worksharing agreement. Such an agreement, under applicable law, could serve to qualify a plaintiff for the 300-day limitations period. However, Berger neither pled nor introduced facts relating to any worksharing agreement between the EEOC and the OCRC or to any forwarding of her complaint to the OCRC by the EEOC. Berger's failure to present any information on this point until well after final judgment was entered precludes our consideration of this argument. The courts of appeals do not generally reverse district court judgments based on facts and arguments that could have been, but were not, presented to the district court.

This court reverses district court judgments on grounds not raised below only in "exceptional" circumstances. *St. Marys Foundry, Inc. v. Employers Ins. of Wausau*, 332 F.3d 989, 996 (6th Cir. 2003) (quoting *Estate of Quirk v. Comm'r*, 928 F.2d 751, 756–57 (6th Cir. 1991)). We may do so, for instance, to expedite protracted litigation, or to serve "an over-arching purpose beyond that of arriving at the correct result in an individual case," such as resolving an uncertain area of the law. *Foster v. Barilow*, 6 F.3d 405, 407-08 (6th Cir. 1993).

Such exceptional circumstances are not present in this case. Excusing Berger from the consequences of the waiver rule will protract, not expedite, this litigation, and she does not make any showing that Title VII law is so uncertain as to require clarification by this court. Application of the general rule in this case serves the rule's core purpose of preventing litigants from failing or declining to present a complete case to the district court. *See St. Mary's Foundry*, 332 F.3d at 996.

It makes no difference that the worksharing agreement between the OCRC and the EEOC has been mentioned in prior Sixth Circuit cases. *See Nichols v. Muskingum College*, 318 F.3d 674, 678-79 (6th Cir. 2003); *Welker v. Goodyear Tire Co.*, No 96-3045, 1997 WL 369450 at *2 (6th Cir. July 1, 1997). Even if the recognition of the worksharing agreement could be said to be part of the law of the circuit, Berger did not present this point of law to the district court. Likewise, the equitable tolling argument Berger makes is based on facts and law not before the district court.

Our ruling is supported by this Court's unpublished order in *Johnson v. East Tennessee State University*, No. 99-6418, 2000 WL 1182792 (6th Cir. Aug. 16, 2000). There we held that the

plaintiff could not claim the 300-day limitations period because she did not first file with the appropriate Tennessee agency. Moreover, we rejected plaintiff's attempt to supplement the record on appeal to show that she did make the required filing, noting that the "documents were not part of the record before the district court in this case." *Id.* at *2.

Defendants have filed a motion to strike certain materials from the joint appendix, which we deny as moot. The materials in question are exhibits filed with the district court after final judgment was entered below. As such, they are not part of the record on appeal. *See U.S. v. Murdock*, 398 F.3d 491, 499 (6th Cir. 2005). This court does not consider non-record materials. *See, e.g.*, *Murdock*, 398 F.3d at 501; *Armco, Inc. v. United Steelworkers of America*, 280 F.3d 669, 684 n.6 (6th Cir. 2002). Moreover, inclusion in the appendix is not the same as inclusion in the record. *See* Fed. R. App. P. 30(a)(2) ("Parts of the record may be relied on by the court or the parties even though not included in the appendix."); *id.* 30(b)(1) ("the entire record is available to the court"). Only portions of the record should be included in the appendix. *See id.* 30(a)(1). The proper method to include nonrecord materials is to move to expand the record, either pursuant to Fed. R. App. P. 10(e), *see Bacon v. Honda of America Mfg., Inc.*, 192 Fed. App'x 337, 341 (6th Cir. 2006) (supplementing record under Fed. R. App. P. 10(e)(2)(C)), or pursuant to this court's equitable power. *See Murdock*, 398 F.3d at 500-501. Berger has not so moved in this litigation, so the materials in question are simply not in the record for purposes of this appeal, and we do not consider them.

For the foregoing reasons, we affirm the judgment of the district court.