# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2022

Lyle W. Cayce
Clerk

No. 20-30672

Gator Mitchell,

*Plaintiff—Appellant*,

*versus*

Sergeant Robert Goings; Sergeant John Craine; Sergeant Gary King; Captain Brink Hillman; Warden Robert Tanner; Louisiana State, through Louisiana Department of Public Safety and Corrections,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-1333

Before Jones, Stewart, and Duncan, *Circuit Judges*.
Edith H. Jones, *Circuit Judge*:

Gator Mitchell appeals the dismissal of his claims as barred by 28 U.S.C. § 1915(g), colloquially known as the "three strikes" provision of the Prison Litigation Reform Act of 1995 ("PLRA"). That provision is

No. 20-30672

inapplicable because Mitchell's claims were removed to, as opposed to brought in, federal court. We therefore Reverse and Remand.

## I. BACKGROUND

Mitchell is confined in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. Mitchell alleges that, beginning in January 2019, guards Robert Goings, John Craine, Gary King, and Brink Hillman abused and intimidated him. Mitchell alleges he reported this treatment to Robert Tanner, the warden, who took no action. Mitchell then filed a grievance against Goings in mid-March 2019. The result of the internal investigation is, however, uncertain.

In March 2020, Mitchell elected to bring § 1983 and negligence claims in Louisiana state court against the State of Louisiana (through the Department of Public Safety and Corrections) and the above-named individual Defendants. Importantly, he obtained leave to proceed *in forma pauperis* (IFP). Goings then timely removed the action to federal court pursuant to 28 U.S.C. § 1441(a) and paid the filing fee. The other Defendants consented. Mitchell filed an amended complaint several weeks later that raised the same claims.

Defendants moved to dismiss under FED. R. CIV. P. 12(b)(6) and for summary judgment, maintaining in part that Mitchell had not exhausted his administrative remedies. Mitchell opposed the motions and sought limited discovery on the issue of exhaustion. Hillman replied, again contending that Mitchell failed to exhaust by seeking relief through the prison grievance system.

The parties consented to proceed before a magistrate judge. The magistrate judge determined that Mitchell had at least three prior "strikes" arising from his previous frivolous prison litigation. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), (g). The magistrate judge also ruled that § 1915(g)

No. 20-30672

applied to actions, like this one, that are removed from state court. That meant Mitchell could not proceed IFP unless he was in imminent danger of serious physical injury. Mitchell made no such showing. The magistrate judge accordingly dismissed the action without prejudice and specified that Mitchell may refile after paying the requisite fee.

Mitchell timely, but unsuccessfully, sought reconsideration or a new trial pursuant to Rules 59 and 60. Mitchell contended that he had no opportunity to address the three strikes issue, and § 1915(g) was inapplicable because he had not sought to proceed IFP in federal court after Goings removed the action. In denying Mitchell's motion, the court reasoned that Mitchell's failure to move to proceed IFP in federal court was irrelevant because he was granted IFP status in state court and that permission "remain[ed] in full force and effect." The magistrate judge then reemphasized that § 1915(g) applies to cases that were filed IFP in state court and removed to federal court. Mitchell appealed.

## II. DISCUSSION

This court reviews the district court's interpretation of the PLRA *de novo*, and we review *de novo* the court's denial of a motion for reconsideration based on a question of law. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007) (*per curiam*) (quotation omitted); *see also Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008) (citation omitted).

Mitchell maintains that the magistrate judge erred by dismissing his action pursuant to § 1915(g) of the PLRA. Defendants respond that this court lacks jurisdiction to review Mitchell's claims; the magistrate judge correctly applied the three strikes rule; and the court may alternatively affirm the judgment based on Mitchell's failure to exhaust his prison administrative remedies. We disagree with each of Defendants' contentions.

No. 20-30672

## A.

Under 28 U.S.C. § 1291, this court is only empowered to review "final decisions." Goings, Tanner, and the state acknowledge that the magistrate judge's ruling "dispose[d] of the entire case" and there was "nothing left for [the magistrate judge] to do." But they maintain that the action is not "final" because the magistrate judge dismissed the action without prejudice and authorized Mitchell to refile if he paid the filing fee. This is incorrect.

We exercise jurisdiction over this appeal because "[t]he dismissal of an action—whether with or without prejudice—is final and appealable." *Umbrella Inv. Grp., L.L.C. v. Wolters Kluwer Fin. Servs., Inc.*, 972 F.3d 710, 712 (5th Cir. 2020) (quoting *Ciralsky v. C.I.A.*, 355 F.3d 661, 666 (D.C. Cir. 2004) (alteration in original)). The magistrate judge "dismissed [this action] as barred by the three strikes provision of §1915(g)[.]" "That the dismissal was without prejudice to filing another suit does not make the cause unappealable, for denial of relief and dismissal of the case ended this suit so far as the [magistrate judge] was concerned." *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n. 1, 69 S. Ct. 824, 825 (1949); *see also* 15A Charles Alan Wright et al., Federal Practice and Procedure § 3914.6 (2nd ed. April 2022 update) ("Many cases reflect the rule that a dismissal without prejudice is appealable as a final judgment.").

## B.

"What this country needs, Congress [has] decided, is fewer and better prisoner suits." *Jones v. Bock*, 549 U.S. 199, 203, 127 S. Ct. 910, 914 (2007) (citation omitted). To that end, the PLRA instituted "a variety of reforms designed to filter out the bad claims and facilitate consideration of the good." *Id*. at 549 U.S. at 204, 127 S. Ct. at 914. The three strikes rule is one such filtering device. It provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Without this rule, litigious prisoners "lack[] an[y] economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989). With the rule, prisoners must think hard before involving federal courts in their grievances.

Actions removed from state courts, however, do not count as "strikes" under § 1915(g) because they are not brought in federal court. "To 'bring' an action has long meant to initiate or commence it, not to prosecute or to continue it." *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1304 (11th Cir. 2022) (citing BLACK'S LAW DICTIONARY 192 (6th ed. 1990)); *see also Dooley v. Wetzel*, 957 F.3d 366, 377 n.9 (3d Cir. 2020). Moreover, "[t]o bring an action under § 1915, the prisoner must seek and be granted the ability to proceed [IFP] in a 'court of the United States' by submitting 'an affidavit that includes a statement of all assets such [person] possesses' to prove indigency." *Maldonado*, 23 F.4th at 1305 (quoting 28 U.S.C. § 1915(a)). A court of the United States "includes the Supreme Court of the United States, courts of appeals, district courts . . .[,] and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." 28 U.S.C. § 451. State courts are not included. Thus, "[w]hen a defendant removes a case from state to federal court, it cannot be said that a prisoner-plaintiff was the one who brought the case in federal court." *Harris v. Mangum*, 863 F.3d 1133, 1141 (9th Cir. 2017). We

agree with the Third, Seventh, Ninth, Tenth, and Eleventh Circuits that § 1915(g) is inapplicable when an action is removed from state court. *See Maldonado*, 23 F.4th at 1306-07; *Hill v. Madison County*, 983 F.3d 904, 907-08 (7th Cir. 2020); *Dooley*, 957 F.3d at 377 n.9; *Woodson v. McCollum*, 875 F.3d 1304, 1307 (10th Cir. 2017); *Harris*, 863 F.3d at 1140-41.

Nonetheless, we point out that Rule 11 also provides courts with a "means to penalize the pursuit of frivolous suits that are removed to federal court." *Hill*, 983 F.3d at 907. And "[i]f a prisoner fails to pay a penalty imposed under Rule 11, the court may take other steps, such as revoking the privilege of litigating [IFP] or barring new suits altogether." *Id.* (citation omitted). Courts may consider these measures where appropriate even where § 1915(g) is inapplicable.

Because Mitchell did not bring this action in any court of the United States, the magistrate judge erred by determining that his claims were barred by § 1915(g).[1]

## C.

The magistrate judge did not address whether Mitchell exhausted his administrative remedies. Several Defendants nevertheless urge affirmance based on Mitchell's alleged failure to exhaust prison administrative remedies.

But "we are a court of review, not first view." *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (quoting *United States v. Houston*, 792 F.3d 663, 669 (6th Cir. 2015)). That is why "[t]he issue of . . . exhaustion of []

---

[1] It is also worth emphasizing that "the federal filing fee was paid in full here by [Goings], so the federal courts are not burdened by an action without payment." *Maldonado*, 23 F.4th at 1306. Absent removal, any burden in adjudicating Mitchell's claims would have fallen on the Louisiana judiciary; Defendants, not Mitchell, shifted the burden to this court. Finally, Mitchell is now represented by counsel on appeal and the appellate filing fee has been duly paid.

administrative remedies is . . . appropriate for the district court to decide in the first instance." *Cano-Miranda v. Ashcroft*, 262 F.3d 477, 479 (5th Cir. 2001); *see also Jones*, 549 U.S. at 219 , 127 S. Ct. at 923 ("We leave it to the court below in the first instance to determine the sufficiency of the exhaustion in these cases."). The record here is devoid of any findings regarding exhaustion. Indeed, the issue of exhaustion was in discovery by the parties when this appeal occurred. As Mitchell suggests, remand is required to determine this question.

The judgment is REVERSED and REMANDED for further proceedings consistent herewith.