# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2025

Lyle W. Cayce
Clerk

No. 24-60155

———————

Pie Development, L.L.C.,

*Plaintiff—Appellant*,

*versus*

Pie Carrier Holdings, Incorporated; Gallatin Point Capital, L.L.C.; SiriusPoint, Limited; Pie Casualty Insurance Company; Pie Insurance Holdings, Incorporated; Pie Insurance Services, Incorporated; Dax Craig; John Swigart,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-34

———————————————————————

Before Higginbotham, Willett, and Ho, *Circuit Judges*.

Per Curiam:

This case concerns the application of res judicata to a lawsuit alleging violations of federal and Mississippi trade secrets laws. We hold that res judicata applies and AFFIRM.

No. 24-60155

I

Pie Development, L.L.C. was formed to develop an application that would streamline the process for purchasing workers compensation insurance. Pie Development claims that Dax Craig, a consultant who worked with Pie Development's parent company, stole the idea for the app and shared it with his colleague John Swigart. Craig and Swigart then used the idea to create Pie Insurance Holdings, Inc. and various affiliate entities, earning them millions of dollars.

Pie Development sued Craig, Swigart, Pie Insurance Holdings, and affiliate Pie Insurance Services. The complaint alleged misappropriation of trade secrets under the Mississippi Uniform Trade Secrets Act (MUTSA) and the federal Defend Trade Secrets Act (DTSA), unlawful interference with business relations, unjust enrichment, and civil conspiracy. *Pie Development, LLC v. Pie Insurance Holdings, Inc. (Pie I)*, 2021 WL 3206043, at *3–12 (S.D. Miss. July 21, 2021). The defendants moved to dismiss, and the district court granted the motion, finding that the complaint failed to set forth sufficient detail on each of the claims. *Id.* at *12. The district court dismissed the claims without prejudice and ordered that "PieDev shall file its Amended Complaint, if any, within thirty (30) days of the entry of this order." *Id.*

Pie Development declined the opportunity to amend its complaint and instead appealed the district court decision. *See Pie Development, L.L.C. v. Pie Insurance Holdings, Inc. (Pie I)*, 2023 WL 2707184 (5th Cir. March 30, 2023). We affirmed, holding that "Pie Development did not sufficiently plead that it took reasonable measures to protect the secrecy of its business plan, and its other claims hinge on the misappropriation." *Id.* at *1. We also denied Pie Development's request in the alternative for leave to file an amended complaint, stating:

2

No. 24-60155

> The district court gave Pie Development thirty days to amend its complaint when granting the motion to dismiss. The district court's twenty-three-page opinion provided a roadmap for curing the deficiencies in Pie Development's complaint and surviving a motion to dismiss. Pie Development declined to amend, instead filing this appeal, and now asks us to grant leave to amend. "A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." For this reason, we deny the request to amend.

*Id.* at *3 (citation omitted).

While the *Pie I* appeal was pending, Pie Development filed a separate action in the district court, this time against Pie Carrier Holdings, Incorporated, Gallatin Point Capital, LLC, Sirius Point Ltd., and Pie Casualty Insurance Company (*Pie II*). Ten days after we dismissed the claims in *Pie I* on appeal, Pie Development amended the *Pie II* complaint to add Craig, Swigart, Pie Insurance Holdings, and Pie Insurance Services—the defendants in *Pie I*—as defendants in *Pie II*. The *Pie II* complaint alleged the exact same claims as the *Pie I* complaint: misappropriation of trade secrets under the MUTSA and DTSA, unlawful interference with business relations, unjust enrichment, and civil conspiracy.

The Pie Defendants (Pie Insurance Holdings, Pie Insurance Services, Craig, Swigart, Pie Carrier, and Pie Casualty), moved to dismiss on the grounds that Pie Development's claims were decided in *Pie I* and thus barred by res judicata. Gallatin and Sirius separately moved to dismiss for failure to state a claim. The district court granted both motions. Pie Development timely appealed.

II

"We review de novo a dismissal under Rule 12(b)(6)." *Moon v. City of El Paso*, 906 F.3d 352, 357 (5th Cir. 2018). "To survive a [12(b)(6)] motion

3

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III

## A

We first address whether the district court erred in dismissing the claims against the Pie Defendants on the basis of res judicata.

As an initial matter, Pie Development argues, quoting *Anderson v. Wells Fargo Bank, N.A.*, that the district court erred in analyzing res judicata at the motion to dismiss stage. *See* 953 F.3d 311, 314 (5th Cir. 2020). However, "[a]lthough res judicata generally cannot be raised in a motion to dismiss and should instead 'be pleaded as an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Id.* (citing *Test Masters Educ. Sevs., Inc. v. Singh*, 428 F.3d 555, 570 n.2 (5th Cir. 2005)). So, under *Anderson*, it was appropriate for the district court to take "judicial notice of the previous judgments and opinion, matters of public record that were attached to the motion to dismiss" and find that res judicata applied at the motion to dismiss stage. *Id.*

Pie Development argues that this case differs from *Anderson* because it challenged the Pie Defendants' failure to plead res judicata as an affirmative defense. *See id.* However, while true that the plaintiffs in *Anderson* and *Test Masters* both failed to challenge the defendant's failure to plead res judicata as an affirmative defense, we have never held that a plaintiff's failure to challenge is *required* for courts to apply res judicata at the motion to dismiss stage. Rather, we have held that courts may sua sponte address res judicata

at the motion to dismiss stage "where all of the relevant facts are contained in the record . . . and all are uncontroverted." *McIntyre v. Ben E. Keith Co.*, 754 Fed. App'x 262, 265 (5th Cir. 2018) (quoting *Mowbray v. Cameron Cty.*, 274 F.3d 269, 281 (5th Cir. 2001)); *see also Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 854 (5th Cir. 1952) (For "a specific affirmative defense such as res judicata, the rule seems to be that if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss whether the decision of the District Court be considered as having been arrived at under the provisions of Rule 12(b)(6) or Rule 56(c)."); *Dean v. Teeuwissen*, 479 F. App'x 629, 631 (5th Cir. 2012) (affirming 12(b)(6) dismissal on res judicata grounds without reference to whether plaintiff challenged defendant's failure to plead it as affirmative defense); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 n.103 (4th ed. 2024) (collecting cases where res judicata was decided at motion to dismiss stage). And, in fact, if "all relevant data and legal records are before the court," "the demands of comity, continuity in the law, and essential justice *mandate* judicial invocation of the principles of res judicata." *Carbonell v. Louisiana Dep't of Health & Hum. Res.*, 772 F.2d 185, 189 (5th Cir. 1985) (emphasis added).

Because all the relevant facts are before us and not in dispute, analysis of res judicata at the Rule 12(b)(6) stage is appropriate here.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata bars an action when four elements are met:

> (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the

merits; and (4) the same claim or cause of action was involved in both actions.

*Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (quotation omitted).

In this appeal, the parties dispute only the third element. The issue before us is thus whether *Pie I* concluded with a final judgment on the merits. We hold that it did, and res judicata applies to bar this action.

The judgment dismissing the claims in *Pie I* without prejudice was indisputably final. Pie Development admitted as much when it appealed that judgment, expressly invoking our appellate jurisdiction from "*final* decisions of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). *See Mitchell v. Goings*, 37 F.4th 169, 172 (5th Cir. 2022) ("[T]he dismissal of an action—whether with or without prejudice—is final and appealable." (quotation omitted)); *Covey v. Ocwen Loan Servicing, Inc.*, 574 Fed. App'x 421, 422 n.1 (5th Cir. 2014) (holding that, even before the district court issued a final judgment, its dismissal with leave to amend constituted a "final decision" for purposes of 28 U.S.C. § 1291).

Notwithstanding the clear finality of *Pie I*, Pie Development argues that *Pie I* cannot be a final judgment for res judicata purposes because, as a dismissal without prejudice, it was not a final judgment *on the merits*. It is true that dismissals without prejudice are not typically considered decisions on the merits. *See Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) ("[A]n adjudication upon the merits is the opposite of a dismissal without prejudice" and "does not bar the plaintiff from refiling the lawsuit." (quotations omitted)); *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 775–76 (N.D. Tex. 2008) (holding res judicata did not apply since prior court "did not adjudicate the case on the merits because the dismissal was without prejudice" and collecting cases from other circuits).

But an important distinction exists here: After the district court dismissed the *Pie I* claims without prejudice, Pie Development declined the opportunity to amend its complaint in the district court and chose instead to appeal. Although we have not directly addressed the application of res judicata in these unique circumstances, our caselaw suggests that there is a final judgment on the merits in such a case. When a prior action is dismissed without prejudice and the plaintiff, declining the opportunity to amend the complaint, appeals, the dismissal without prejudice converts to a dismissal *with* prejudice and constitutes a final judgment on the merits for res judicata purposes.

Res judicata applies when litigants have either "failed to persuade a tribunal of the merit of their claims or . . . [have] slept on their rights." *Nilsen v. City of Moss Point*, 674 F.2d 379, 384–85 (5th Cir. 1982). Stated differently, res judicata applies to "the litigant who has already asserted the arguments he wishes to assert and has received an adverse judgment or the litigant *who failed to assert the arguments when he should have done so.*" *Id.* at 385 (emphasis added).

This case falls squarely within that standard. Although Pie Development never received a ruling from a tribunal on the merits of its claims, it "slept on [its] rights" to receive one by choosing not to amend its complaint at the district court level. *See Pie I*, 2023 WL 2707184 at *3 (on appeal, denying leave to amend because Pie Development declined to amend at the district court). Because Pie Development "failed to assert the arguments when [it] should have done so"—that is, when the district court provided the opportunity to amend—the dismissal without prejudice in *Pie I* became a final judgment on the merits, and res judicata applies to bar the present action. *Nilsen*, 674 F.2d at 385; *see also Smith v. Sec. of Veterans Affairs*, 808 F. App'x 852, 854 (11th Cir. 2020) (holding there was a final judgment on the merits for res judicata purposes "despite the fact that

[plaintiff's] prior case was dismissed without prejudice . . . because [plaintiff] waived her right to further amend her complaint by seeking to appeal the dismissal"), *cert. denied sub nom.*, *Smith v. Wilkie*, 141 S. Ct. 875 (2020), *reh'g denied*, 141 S. Ct. 1287 (2021); *Duffner v. City of St. Peters*, 930 F.3d 973, 976 (8th Cir. 2019) (failure to amend after dismissal without prejudice "amounts to an adjudication on the merits and precludes relitigation of the claim that was dismissed"); *Save Bull Trout v. Williams*, 51 F.4th 1101, 1104, 1108 (9th Cir. 2022) (holding that when plaintiffs elect not to amend and instead appeal, "they must live with the consequences of their choice"—that is, the application of res judicata).

Accepting Pie Development's argument here would undermine the goal of res judicata to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen*, 449 U.S. at 94. Costs to both parties and the courts would increase because parties would get multiple chances to amend and appeal. Plaintiffs, like Pie Development, could (1) decline the opportunity to amend their complaint; (2) appeal; (3) if appeal is lost, get another shot at amending the complaint because the district court order was without prejudice; and (4) appeal yet again. Allowing parties multiple attempts to amend and appeal in this manner would also undermine the purpose of § 1291 to limit piecemeal appeals and promote efficient judicial administration. *Cunningham v. Hamilton County*, 527 U.S. 198, 203–04 (1999).

In sum, we agree with the district court that Pie Development's decision to forgo the opportunity to amend its complaint in favor of appeal converted the dismissal without prejudice into a final judgment on the merits. *See Pie Development, LLC v. Pie Carrier Holdings*, 2024 WL 1476206, at *3 (S.D. Miss. March 5, 2024) (*Pie II*). Res judicata applies and bars the claims against the Pie Defendants.

B

We next address whether the district court erred in dismissing the claims against Gallatin and Sirius for failure to state a claim.

The DTSA and MUTSA provide similar causes of action for trade secret misappropriation. *See* 18 U.S.C. § 1836(b)(1) ("An owner of a trade secret that is misappropriated may bring a civil action"); Miss. Code § 75-26-7(1) ("a complainant is entitled to recover damages for misappropriation"). The statutes have essentially identical definitions of "misappropriation," so, to state a claim under either the DTSA or MUTSA, plaintiffs must plead:

> (A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (B) disclosure or use of a trade secret of another without express or implied consent by a person who—
>
>> (i) used improper means to acquire knowledge of the trade secret;
>>
>> (ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was—
>>
>>> (I) derived from or through a person who had used improper means to acquire the trade secret;
>>>
>>> (II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
>>>
>>> (III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or

(iii) before a material change of the position of the person, knew or had reason to know that—

(I) the trade secret was a trade secret; and

(II) knowledge of the trade secret had been acquired by accident or mistake.

18 U.S.C. § 1839(5)(A); *see also* Miss. Code § 75-26-3(b)(i).

Pie Development's complaint does not adequately plead misappropriation under this definition. It contains no facts to plausibly support a claim that Gallatin or Sirius knew or had reason to know that the alleged trade secret was, in fact, a trade secret, or that anyone had improperly acquired it. The complaint makes only conclusory allegations that Gallatin and Sirius held ownership interests in Pie Carrier, "work[ed] with Pie Insurance and Pie Carrier," and "knew the Pie Trade Secret had been misappropriated by Pie Insurance, Pie Services, Dax Craig, and/or John Swigart."

Pie Development asks us to infer from the business relationships among Gallatin, Sirius, and the Pie Defendants that Gallatin and Sirius were aware of the ongoing litigation in *Pie I* and thus had reason to know that the Pie Defendants misappropriated a trade secret. But, as the district court explained:

> It has been finally determined by a court of competent jurisdiction that plaintiff's complaint in the *Pie I* litigation did not allege the existence of a protectible trade secret. Thus, defendant's knowledge of a plaintiff's prior *allegations* of trade secret misappropriation which have been found as a matter of law to be insufficient to support a reasonable finding that plaintiff had a protectible trade secret does not support an inference that defendants knew that the Pie defendants misappropriated any trade secret.

*See Pie II*, 2024 WL 1476206 at \*5 (emphasis in original).

Pie Development argues that the district court's conclusion contradicts our holding in *Metallurgical Industries, Inc. v. Fourtek, Inc.*, 790 F.2d 1195, 1204 (5th Cir. 1986). There, we held that, because trade secret litigation was ongoing, defendants who obtained the alleged trade secret from another entity "should have inquired" into whether the trade secret had been misappropriated. *Id.* Because ongoing litigation "put [defendant] on inquiry and an inquiry pursued with reasonable intelligence and diligence would disclose the facts," the defendant could be held liable for misappropriation. *Id.* (quoting Restatement (First) of Torts § 757 cmt. b (Am. L. Inst. 1939)). However, Pie Development's case has a key distinction. Here, unlike in *Metallurgical Industries* where the litigation was ongoing, litigation of the Pie trade secret ended with our decision in *Pie I*. Gallatin and Sirius are entitled to rely on our decision there that no protectible trade secret existed.

Pie Development points to nothing other than the *Pie I* litigation that would have given Gallatin and Sirius reason to know that they were using a misappropriated trade secret. Pie Development has thus failed to state a claim for misappropriation of a trade secret against Gallatin and Sirius under both the DTSA and MUTSA.

Because Pie Development's trade secrets claims against Gallatin and Sirius fail, its claims for unlawful interference, unjust enrichment, and civil conspiracy also fail. *See Pie I*, 2023 WL 2707184 at \*3. Without a viable misappropriation of trade secrets claim, there are insufficient allegations to plausibly infer that Gallatin or Sirius had an "unlawful purpose" required for both the unlawful interference claim and the civil conspiracy claim. *See MBF Corp. v. Century Bus. Commc'ns, Inc.*, 663 So. 2d 595, 598 (Miss. 1995) (listing as an element of tortious interference that "[t]he acts were done with the unlawful purpose of causing damage and loss, without right or justifiable

No. 24-60155

cause on the part of the defendant" (quotation omitted)); *Rex Distributing Co., Inc. v. Anheuser-busch, LLC*, 271 So.3d 445, 455 (Miss. 2019) (listing as an element of civil conspiracy an agreement "to accomplish an unlawful purpose or a lawful purpose unlawfully" (quotation omitted)). Likewise, the unjust enrichment claim fails because, without any viable allegation of wrongdoing, Gallatin and Sirius cannot be charged with "possession of money or property which in good conscience and justice [they] should not retain." *Thoden v. Hallford*, 391 So.3d 1137, 1146 (Miss. 2024) (quotation omitted).

## IV

The district court did not err in dismissing Pie Development's claims against the Pie Defendants on the basis of res judicata. Nor did it err in dismissing the claims against Gallatin and Sirius for failure to state a claim. We AFFIRM.