# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50131

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2025

Lyle W. Cayce
Clerk

Ramona Rachael Craig,

*Plaintiff—Appellant*,

*versus*

Frank Bisignano, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-1537

———————————————————————

Before Higginbotham, Ho, and Douglas, *Circuit Judges*.
James C. Ho, *Circuit Judge*:

Rule 10(a) of the Federal Rules of Appellate Procedure establishes what items constitute the record on appeal. Consistent with Rule 10(a), a court of appeals typically "will not consider matter that was filed with the district court . . . *after* the date of the judgment or order that is challenged on appeal." 16A Wright & Miller, Fed. Prac. & Proc. § 3956.1 (5th

No. 25-50131

ed.). A number of our sister circuits have embraced this rule.[1] And we are unaware of any case law to the contrary.

To be sure, we have discretion to take judicial notice of public documents outside the record. *See, e.g.*, *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019). But "ordinarily a court of appeals should not take judicial notice of documents on an appeal which were available before the district court decided the case but nevertheless were not tendered to that court." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 303 (3rd Cir. 2011).

These two principles dispose of this appeal. The magistrate judge here specifically cautioned Ramona Craig to present sufficient evidence that she exhausted her administrative remedies prior to filing this suit. But she ignored those warnings. Accordingly, the district court was right to dismiss her suit without prejudice. We therefore affirm.

\* \* \*

Craig filed suit to challenge the denial of her application for Social Security disability benefits. But the district court dismissed her case without prejudice for lack of administrative exhaustion. Following the entry of final judgment, Craig filed an additional document to establish exhaustion.

_____

[1] *See, e.g.*, *Berger v. Medina Cnty. Ohio Bd. of Cnty. Comm'rs*, 295 F. App'x 42, 46 (6th Cir. 2008) ("The materials in question are exhibits filed with the district court after final judgment was entered below. As such, they are not part of the record on appeal."); *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers submitted to the district court *after* the ruling that is challenged on appeal should be stricken from the record on appeal."); *Swanson Grp. Mfg. LLC v. Jewell*, 790 F.3d 235, 240 (D.C. Cir. 2015) ("In determining whether the companies have standing, the court may not consider on appeal supplemental declarations filed after entry of the judgment appealed.").

No. 25-50131

To begin with, "we exercise jurisdiction over this appeal because the dismissal of an action—whether with or without prejudice—is final and appealable." *Mitchell v. Goings*, 37 F.4th 169, 172 (5th Cir. 2022) (cleaned up). After all, the "denial of relief and dismissal of the case ended this suit so far as [the district court] was concerned." *Id.* (quoting *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949)).

In reviewing the decision below, we are "barred from considering filings outside the record on appeal." *Sweet Life v. Dole*, 876 F.2d 402, 408 (5th Cir. 1989) (cleaned up). Rule 10(a) of the Federal Rules of Appellate Procedure defines the record on appeal as the "(1) original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the clerk of the district court."

Consistent with Rule 10(a), we have excluded filings attached to briefs that were not available to the district court and offered by a party for the first time on appeal. *See, e.g.*, *United States v. Hatch*, 926 F.2d 387, 395 (5th Cir. 1991).

This case, by contrast, involves a document that Craig filed and docketed in the district court before the appeal—but only after final judgment.

But the same principles apply. A post-judgment filing isn't part of the record on appeal, because it's not available for consideration by the district court before judgment is entered. *See*, *e.g.*, *Parker v. Blackwell*, 23 F.4th 517, 525 (5th Cir. 2022) ("This court . . . does not consider items that were not considered by the district court.").

Nor do we exercise our discretion to take judicial notice of public documents outside the record. The magistrate judge specifically warned Craig that she must present evidence that she exhausted her administrative

3

remedies to file suit. Yet she failed to do so. What's more, the evidence that she eventually submitted to establish exhaustion was dated three months before entry of final judgment.

If Craig wishes to press her claims, she can heed the district court's instructions and either file a new case or ask the district court to reopen this case. But her post-judgment filing is outside the scope of the record on appeal under Rule 10. And the district court lacked subject matter jurisdiction based on the filings made before final judgment. We accordingly affirm.